BERRY *et al. v.* THE STATE.

1. On the trial of several persons jointly indicted for murder, the statement of one of them in his own defense, not under oath, can not be considered in determining the guilt or innocence of the other defendants.

2. In such a case, when, as to some of the defendants, the evidence demands either a verdict of guilty of murder or an acquittal, and under no theory presented by the evidence or the statements of such defendants can they properly be convicted of voluntary manslaughter, it is error for the court to give to the jury a charge to the effect that they may be found guilty of that offense ; and a verdict finding them guilty of voluntary manslaughter is contrary to law.

Argued February 20,— Decided March 24, 1905.

Conviction of voluntary manslaughter.    Before Judge **Lewis**. Jasper superior court.    January 9, 1905.

*Greene F. Johnson,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

CANDLER, J. The plaintiffs in error, Howard Berry, Will Clements, Mose Clements, and Harris Miller, together with Alfred Berry, were jointly indicted for the murder of one William Jackson Jr., a child seven years of age. They were tried together, and were all convicted of voluntary manslaughter. The plaintiffs in error moved for a new trial, which was refused, and they excepted. From the evidence for the State it appeared that Alfred Berry, together with the plaintiffs in error, went to the house of William Jackson Sr., the father of the child who was killed; that there was bad feeling between Alfred Berry and Jackson Sr., out of

which had arisen a difficulty between Jackson and his wife, who was a sister of the Berrys; that as soon as the party reached Jackson's house, Alfred Berry cursed Jackson, and, drawing his pistol, began beating him over the head with it. The others joined in this beating, one with a gun, others with sticks, but all with weapons dangerous to human life. They dragged him out of the house and continued to beat him. One suggested that they kill him, and finally Alfred Berry announced that they had done so; whereupon they all left. During the attack upon Jackson Sr., a pistol, presumably in the possession of Alfred Berry, was discharged, the bullet striking and killing the child. The foregoing statement is taken from the evidence of Jackson, which was corroborated by other witnesses for the State. All the plaintiffs in error relied upon the defense of alibi. Howard Berry alone admitted being present at any stage of the difficulty; and he claimed to have arrived after the fight was at an end, and to have come solely for the purpose of making peace. Alfred Berry, in his statement, admitted having had a difficulty with Jackson, during the progress of which the child was killed, but claimed that he acted in self-defense, and that the pistol was discharged accidentally while he was using it as a club to beat off an attack being made on him by Jackson. As he is not a party to the present bill of exceptions, it will not be necessary to consider his statement in detail.

If the evidence introduced by the State was true, all the defendants were guilty of murder. If, on the other hand, the evidence for the defendants was true, they should have been acquitted. Only by considering the statement of Alfred Berry, in connection with the testimony offered by the State, can any possible theory of manslaughter be entertained. The court in charging the jury, and the jury in determining the issues involved as to the guilt of Alfred Berry, had the right to consider his statement, and as to him a charge on the subject of manslaughter and a verdict of guilty of that offense were warranted. But nothing said by Alfred Berry should have been considered in arriving at the guilt or innocence of the other defendants, and any theory of the case raised solely by his statement should have been eliminated from the charge as to the others. They denied being present at all; and if their defense was the truth of the case, they should have been acquitted. The evidence for the State does not contain a line which would

authorize a charge of voluntary manslaughter as to the plaintiffs in error, or a verdict finding them guilty of that offense.　Under the evidence they were either guilty of murder or guilty of no offense whatever.　It has been held that if the evidence demands a conviction of murder, and there be a conviction of voluntary manslaughter only, a new trial will not be granted because of the conviction of the lesser offense or a charge by the court on that branch of the law; but if, even under the statement of the accused alone, an acquittal might have been had, it is error to charge the law of manslaughter when that offense is not involved in the issues made by the evidence.　*Robinson* v. *State*, 109 *Ga.* 506. In the present case, taking the State's evidence as true, if death had resulted from the attack on Jackson, the plaintiffs in error would have been guilty of murder; and as the death of the child was a direct result of that alleged unlawful attack, all were equally guilty, and should, if the evidence for the State was believed, have been found guilty of murder.　We are satisfied that the court erred in charging that the plaintiffs in error could be found guilty of voluntary manslaughter under the evidence introduced at the trial, and that the verdict finding them guilty of that offense was contrary to law.　See *Tyre* v. *State*, 112 *Ga.* 224; *Kendrick* v. *State*, 113 *Ga.* 760; *Jordan* v. *State*, 117 *Ga.* 406; *Tolbert* v. *State*, 119 *Ga.* 970.

In view of what is now ruled, we do not deem it necessary to discuss the other assignments of error in the motion for a new trial, as the questions there raised are not likely to be involved on the next trial of the case.

*Judgment reversed.　All the Justices concur.*