## 672. KOLMAN *v.* THE STATE.

The evidence is legally insufficient to justify the conviction.

Indictment for misdemeanor, from Chatham superior court—Judge Cann. March 14, 1907.

Submitted October 7,—Decided October 15, 1907.

*Gordon & Charlton,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.

POWELL, J. Mrs. Kolman and one Johnson were jointly indicted, tried, and convicted of the offense of keeping open a tippling-house on the Sabbath. Mrs. Kolman alone excepts. The testimony upon which the conviction against Mrs. Kolman rests is substantially as follows: Mrs. Kolman ran a barroom and grocery store at the corner of Bryan and Jefferson streets in Savannah. One Sunday a man named Green saw two men standing at a gate to the rear of her premises, and he approached them and said he wanted some whisky. Johnson took the money and went off across the yard in the direction of the bar, and soon came back with a pint of whisky, which he delivered to Green. The witness was unable to say whether he entered the bar or not. So far as he knew, the bar was closed. Mrs. Kolman made a statement in which she said that her bar and grocery store were closed throughout the entire Sabbath, and that she had the key in her pocket. Johnson made a statement in his behalf, in which he said that he had the whisky on his person, and that, though he worked

for Mrs. Kolman, he did not open the bar. The State, in rebuttal, proved that Johnson, after his arrest, admitted that he went into the bar and got the whisky.

As a matter of law the barroom was a tippling-house. If the room was opened on the Sabbath day, even for a moment, by Mrs. Kolman, or by her clerk or agent with her consent, actual or tacit, she was guilty. *Klug* v. *State,* 77 *Ga.* 737, and cases cited. If it was opened by her clerk or employee, the burden was on her to show both lack of knowledge and lack of consent as to the fact. *Klug's* case, supra. But where is the legal evidence that the room was opened, or that Johnson was her employee? Johnson's statement that he was her employee, and his admission that he had entered, was evidence solely against him, and has no probative value against her. *Berry* v. *State,* 122 *Ga.* 429 (50 S. E. 345). Johnson was properly convicted; but as to Mrs. Kolman, the Scotch verdict of "Not proven" needs be entered.

*Judgment reversed.*