### 1480.   WALL, *alias* HILL, *v.* THE STATE.

1. In a homicide case the proof of the corpus delicti must not only show that a person has been killed, but must also identify the person shown to have been killed as the one whose death is the subject of inquiry. These elements of the corpus delicti must appear from some form of proof other than extrajudicial confessions or admissions alone; but if the defendant in his statement made on the trial of the case admits them, the State is not required to make further proof of them.

20

2. A charge in substance that when a killing is shown, the law presumes malice and the burden is on the prisoner to justify or mitigate the homicide, is ·erroneous in a case where the proof of the homicide is derived through an admission of the defendant, which itself presents matters of exculpation.

3. Lack of proof of the venue is fatal to a conviction of any offense.

4. The verdict is without evidence to support it.

Conviction of manslaughter, from Hart superior court—Judge Worley.   September- 23, 1908.

Argued November 23,—Decided December 8, 1908.

Wall was indicted for murdering a negro named John Norris, and was found guilty of voluntary manslaughter.   The indictment was returned in March, 1908, though the homicide is' alleged to have been committed in June, 1906.   The case presents some rather unusual features.   The State rests its case almost solely upon admissions made by the defendant.   While the testimony of the State does not show that the deceased had been "missing" in the sense in which that word is usually employed in such cases, it appeared that there had been some unsatisfactory inquiry among his acquaintances as to what had become of him.   One of the witnesses, however, asked the defendant, about Christmas of the year 1906, if he knew where Norris was, and the defendant stated that he had killed him and had buried him.   In the spring of 1908 he told another witness that he had killed a negro and buried him. The defendant afterwards went to the sheriff of the county and told him that he and John Norris had been gambling; that he had won all of the latter's money; Norris then insisted on staking his shoes, and the defendant won them; he then put up his hat, and the defendant won that; whereupon the deceased said, "God damn you, if you .wear that hat you will wear it in hell;" the deceased grabbed the defendant and threw him down; the defendant succeeded in turning him over, and the deceased put his hand in his pocket for a knife; as he did so the defendant succeeded in releasing himself; the deceased, getting out the knife, drew it and began to chase the defendant around the room; the defendant seized an axe which was near the hearth, and struck the deceased across the face and jaw, felling him to the hearth and killing him; no one was present but these two; seeing what he had done, the defendant went for his wife, who was at a neighbor's, and he told her what he had done; she advised him to hide the body, and he

did so, burying it in a designated spot near a fence on the back side of the farm near the creek. He pointed out to a person sent by the sheriff the spot where he said the negro was buried. They dug there, and found the decomposed remains of a negro. The body was beyond recognition, but from a few pieces of skin and hair it was recognized as being that of a negro. The bones of the head showed signs of the axe stroke. The defendant and the deceased were both large men, each weighing about 180 pounds, the deceased having been probably a few pounds the heavier. At the trial the defendant made a statement substantially the same as he had previously made to the sheriff. In this statement he said that the dead body disinterred was that of John Norris.

*A. G. & Julian McCurry,* for plaintiff in error.

*David W. Meadow, solicitor-general,* contra.

PowELL, J. (After stating the foregoing facts.)

1. In a homicide case the proof of the corpus delicti must not only show that a person has been killed, but must also identify the person shown to have been killed as the one whose death is the subject of the inquiry. See the cases cited in the footnote to the case of State *v.* Williams, 7 Jones' Law (N. C.), 446, as reported in 78 Am. Dec. 248. The corpse found in this case was so decomposed that the State was unable to prove this essential element of the corpus delicti; but the defendant's admission in judicio, as contained in his statement, supplied this lack.

2. The court charged the jury: "When a homicide is proven, the law presumes malice; and unless the evidence should relieve the slayer, he should be found guilty of murder. When the killing is shown, it is for the prisoner to justify or mitigate the homicide." It has been held several times that a charge substantially in the foregoing form is erroneous where the State must rely on an admission or confession by the defendant in order to convict, and the statement itself shows circumstances of mitigation or justification. *Futch* v. *State,* 90 *Ga.* 473 (8), (16 S. E. 102) ; *Green* v. *State,* 124 *Ga.* 344 (4, 5), (52 S. E. 431) ; *Perkins* v. *State,* 124 *Ga.* 6 (52 S. E. 17) ; *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

3. It nowhere appears in the record that the killing occurred in the county of the prosecution. This, of course, is fatal to the conviction.

4. We might well end the case with what we have said above; but there is no need to take two bites at a cherry. The evidence did not authorize the verdict. There is no manslaughter in the case. Ordinarily the jury, in considering an admission which is partly inculpatory and partly exculpatory, may believe it in part and disbelieve it in part; and this rule, by the very terms of the statute, is especially applicable to the statement the defendant is allowed to make in his own behalf at the trial. However, where the State must rely upon the defendant's admission alone for essential elements of its case, this rule does not apply to the extent that a verbal segregation of what the defendant said is to be permitted. "If the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime is not confessed. The qualification is a part of the admission, and both must be considered in interpreting the meaning of the statement. It would be manifestly unfair to hold a person criminally bound by a statement which admits the commission of an act and in the same breath legally justifies or excuses the same." Owens v. State, 120 Ga. 297, 299 (48 S. E. 21). There was nothing in the proof submitted by the State to materially contradict the defendant's account of what occurred. The State itself was forced to rely upon that statement for proof of a portion of the corpus delicti. The physical facts, so far as shown, tallied with what the defendant said. The defendant's statement of the affair as a whole may seem unreasonable, but it is the only explanation the State has been able to offer with anything like legal certainty. It is a peculiar case. *Judgment reversed.*