## BRANTLEY *v.* THE STATE.

When a person has been indicted for murder and convicted of voluntary manslaughter, if he voluntarily seeks and obtains a new trial, he is subject to another trial generally for the offense charged in the indictment, and upon such trial he can not successfully interpose a plea of former acquittal of the crime of murder, or former jeopardy in regard thereto.

(a) This ruling is in accord with article 1, sec. 1, par. 8, of the constitution of the State (Civil Code of 1895, § 5705), which provides that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial."

(b) The fifth amendment of the constitution of the United States, including the statement, "Nor shall any person be subjected for the same offense to be twice put in jeopardy of life or limb, . . nor be deprived of life, liberty, or property, without due process of law," was a limitation upon the power of the Federal government, and not upon the individual States.

(c) If one has been indicted for murder and convicted of manslaughter, and, under a provision of the State constitution to the effect that if a new trial is granted to a convicted person on his own motion it shall be another trial generally for the offense charged in the indictment, moves for a new trial and obtains it, thus voluntarily causing the verdict to be set aside, the clause of the fourteenth amendment of the constitution of the United States, prohibiting any State from depriving a person of life, liberty, or property without due process of law or denying to any person the equal protection of the laws, does not prevent him from being again tried for murder.

Submitted April 19,—Decided May 12, 1909.

Indictment for murder. Before Judge Rawlings. Washington superior court. March 4, 1909.

*John R. Cooper,* for plaintiff in error.

*John C. Hart, attorney-general, Alfred Herrington, solicitor general,* and *Hines & Jordan,* contra.

Lumpkin, J. Solomon Brantley was indicted in a single count for murder, and on the trial was convicted of voluntary manslaughter. He moved for a new trial, which was refused, and he carried his case to the Court of Appeals, by writ of error, and there obtained a reversal. See 5 *Ga. App.* 457 (63 S. E. 519). When the case again came on for trial in the superior court, he filed a plea of former acquittal and former jeopardy, contending that the verdict finding him guilty of voluntary manslaughter had the legal effect of finding him not guilty of murder, and therefore he could not be again put on trial for murder, but only for manslaughter. The presiding judge sustained a demurrer to the plea. This is the only ruling of which complaint is now made.

In some States the constitution or a statute declares that the granting of a new trial to one convicted of a crime places him in the same position as if no trial had been had, or contains provisions having that effect. In the absence of such constitutional or statutory provision, where one who has been indicted for murder and convicted of manslaughter moves for and obtains a new trial, the authorities are not in harmony as to whether he can be again placed on trial for murder or only for the lesser offense, under

the general prohibition contained in State constitutions against putting a person twice in jeopardy for the same offense. The greater number of authorities take the view that a verdict of manslaughter involves an acquittal of murder, and that a new trial granted on motion of the accused after conviction of the lesser offense is not to be considered as a new trial for the greater offense of which he was acquitted, but must be confined to a retrial of the offense of which he was convicted, as the accused should not be deemed to have waived his right in so far as he was acquitted. The contrary view, which is held by other authorities, with the reason therefor, may thus be stated: The defendant was found guilty of the lesser offense of manslaughter, included in the charge of murder. Had he permitted the verdict to stand, he could have claimed whatever legal results flowed from it, including the implication that, as he was found guilty of manslaughter, he was not guilty of the higher offense of murder, and that the affirmative finding that he was guilty of the lesser involved in it the exclusion of the greater. But the accused can not both voluntarily set aside the verdict and also hold to it. A verdict can not at the same time be of force and not of force. The verdict of guilty is single. He can not divide it into that which pleases him and that which does not. The positive fact is the verdict of guilty of one offense. The negative implication from that finding is not guilty of the other offense. It is not easy to see how the positive finding which furnishes the sole basis for the negative implication can be destroyed and set aside by the voluntary action of the accused, and yet leave the implication to stand alone without a basis. To sustain a plea of former acquittal, there must be a subsisting record of an acquittal. If the verdict of guilty of the lesser offense operates as a record of acquittal of the greater, when it is set aside at the instance of the accused it is certainly no longer a subsisting record of conviction. Can it be said to stand as a subsisting record of acquittal? When on motion of the accused the verdict is set aside, no verdict is left. When he asks a new trial and it is granted, it is a complete new trial, not a partial one. The accused is tried on the indictment, not on it as limited by the results of a verdict which he himself has voluntarily caused to be set aside and rendered ineffective.

This view was taken in the early case of *Bailey v. State, 26 Ga.*

579. That decision has never been overruled; although Simmons, C. J., in view of other authorities, said that it involved a question of pleadings, and indicated some doubt as to what would be the ruling were it not for the express provision included in our present constitution on the subject. *Waller* v. *State,* 104 *Ga.* 505 (30 S. E. 835). In *Small* v. *State,* 63 *Ga.* 386, the grant of a new trial was not under consideration, but the judgment on a verdict of guilty was arrested solely on the ground that the judge who presided at the trial was unauthorized by law to hold the court; and it was held that the prisoner could be again tried on the same indictment, whether the arrest of judgment or the setting aside of the verdict was erroneous or not, as he was concluded by a judgment rendered at his own instance, to which the State could not except.

If the question be argued from the standpoint of former jeopardy, rather than that of former acquittal, and the two be not the same within the meaning of the constitution, as to the thing inhibited, the result must be the same. A court can grant a new trial to a person convicted of crime and retry him, or it can not. On the first trial the accused has been placed in jeopardy as to the offense of which he was actually convicted, quite as much as in respect to the offense of murder. If, under the constitution, he could never be put in jeopardy again for any offense involved in the former trial, and could not waive such guaranty, and if he moved for and obtained a new trial, he could never be tried again at all. The grant of a new trial would be equivalent to a discharge. It is generally conceded that he could waive the constitutional protection against putting him twice in jeopardy, by asking for a new trial and obtaining it, at least as to the offense for which he was convicted. United States v. Ball, 163 U. S. 662 (16 Sup. Ct. 1192, 41 L. ed. 300). If so, then whether the waiver merely has the effect of allowing a new trial as to the lesser offense, or on the indictment as if there had been no previous trial, is a matter of degree and of construction of the extent of the waiver which the accused makes in asking for a new trial.

In those States where statutes have been passed declaring that, if on motion of the accused a new trial is granted, it shall be a complete new trial, we have found no instance in which such a statute has not been upheld. Enactments of that character are in substance merely legislative declarations or provisions that when

the accused moves for and obtains a new trial he waives any right to set up former jeopardy to prevent a complete new trial, or estops himself from so doing. If the declaration that the accused can not be put on trial for murder after he has caused a conviction of manslaughter to be set aside and a new trial to be granted to him is based on constitutional grounds, such legislative acts could not change the result. If the position be not based upon any strict constitutional inhibition against retrying the accused for murder,. after the grant of the new trial, but upon a question of what is the extent of the waiver which the accused makes when he applies for and obtains a new trial, we need not repeat what has already been said as to the inconsistency in permitting a person convicted of a crime to ask that the verdict of guilty of manslaughter be set aside and a new trial be granted to him, and that he be allowed to destroy the verdict in so far as it affirmatively affects him injuriously, but retain the benefit of all implications arising in his favor therefrom.

We are aware of the contrary position which is taken by a number of decisions and some text-writers, but other courts have adopted views similar to those above expressed. In Trono v. United States, 199 U. S. 521, 533 (26 Sup. Ct. 121, 50 L. ed. 292), it was said, in the opinion delivered by Mr. Justice Peckham: "In our opinion the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been." See also State v. Gillis, 73 S. C. 318 (53 S. E. 487, 5 L. R. A. (N. S.) 571, 114 Am. St. R. 95, 6 A. & E. Ann. Cas. 993); Bohanan v. State, 18 Neb. 57 (24 N. W. 390, 53 Am. R. 791); State v. Kessler, 15 Utah, 142 (49 Pac. 293, 62 Am. St. R. 911); State v. Bradley, 67 Vt. 465 (32 Atl. 238); United States v. Harding, 1 Wall. Jr. (C. C.) 127 (Fed. Cas. No. 15301); State v. Behimer, 20 Ohio St. 572; 2 Story, Const. §1787. In States where statutes on the subject are referred to, see Veatch v. State, 60 Ind. 291; Commonwealth v. Arnold, 83 Ky. 1 (4 Am. St. R. 114). As to the conflict of authority on the subject, see note to Trono v. United States, 4 A. & E. Ann. Cas. 778.

If what has been said were not correct, some very peculiar re-
sults would follow in this State. Thus it has been held, that
where on the trial of one indicted for murder the evidence de-
mands either a verdict of guilty of murder or an acquittal, and
under no theory presented by the evidence or the statement of the
defendant can he be properly convicted of voluntary manslaughter,
it is error for the court to give to the jury a charge to the effect
that he may be found guilty of that offense; and that a verdict
finding him guilty of voluntary manslaughter is contrary to law,
and a new trial will be granted to him on that ground. *Berry* v.
*State,* 122 *Ga.* 429 (50 S. E. 345). In that case a new trial was
granted to the accused on the ground that there was no element of
voluntary manslaughter in the case, and that he should have been
found guilty of murder or acquitted. In *Kelsey* v. *State,* 62 *Ga.*
558, the accused was indicted for rape, and was convicted of as-
sault with intent to rape. He moved for a new trial, which was
refused by the trial court, and exception was taken. The Supreme
Court granted him a new trial, holding that "Where the evidence
is conclusive that the carnal knowledge was realized, and the only
possible question is concerning the force and the consent, a verdict
finding the prisoner guilty of an assault with intent to rape is
contrary to law." The Penal Code, §19, declares that "No
person shall be convicted of an assault with intent to commit a
crime, or of any other attempt to commit any offense, when it shall
appear that the crime intended, or the offense attempted, was
actually perpetrated by such person at the time of such assault,
or in pursuance of such attempt." Other similar cases might be
cited. If the contention that on a new trial the accused could only
be tried for the offense of which he had previously been convicted
were sustained, then in such cases the defendant could set aside the
verdict as unwarranted and obtain a new trial on the ground that
the evidence proved him guilty of the greater offense and not of
the lesser; and when again arraigned, could prevent a trial for
the greater offense, and thus in effect could be set free by satis-
fying the reviewing court that he was in fact guilty of the greater
offense instead of the lesser included in it.

But, if it were otherwise in the absence of statutory or constitu-
tional provision, the constitution of the State (Civil Code, §5705)
expressly provides that "No person shall be put in jeopardy of

life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial." A mistrial operates in this respect as no trial. A new trial, as used in the constitution, means a new trial generally. *Waller* v. *State*, 104 *Ga.* 505 (30 S. E. 835) ; *Yeates* v. *Roberson*, 4 *Ga. App.* 573 (62 S. E. 104). If the State affords a convicted person, at his option, the privilege of causing a verdict to be reviewed and set aside on account of error, he can not say that his own conduct shall have no effect against him, either as a waiver or estoppel, or by virtue of the constitution itself. He may waive a trial altogether, including the constitutional guaranty of trial by jury, and plead guilty. Former jeopardy is a matter which must be duly pleaded, or the defense will be treated as waived. *Hall* v. *State*, 103 *Ga.* 403 (29 S. E. 915) ; Kansas *v*. White, 71 Kans. 356 (80 Pac. 589).

It was contended that to place the defendant on trial for murder, after he had been convicted of manslaughter, and had sought and obtained a new trial through a reversal granted by the Court of Appeals, would be violative of the clause of the fifth amendment of the constitution of the United States in regard to former jeopardy. Such a contention is without merit. It is now well settled that the fifth amendment to the constitution of the United States was intended to operate upon the Federal government, and not to limit the powers of the States in respect to their own people. Barron v. Mayor etc. of Baltimore, 7 Peters, 242 (8 L. ed. 672) ; Twitchell v. Commonwealth, 7 Wall. 321 (19 L. ed. 223) ; Spies v. Illinois, 123 U. S. 131, 166 (8 Sup. Ct. 22, 31 L. ed. 80).

It was also contended that to again place the accused on trial for murder would be violative of the provisions of the fourteenth amendment of the constitution of the United States, in that he would be thereby deprived of due process of law and the equal protection of the laws. We think it requires no argument to show that those provisions have no application to the case. That amendment does not deal with the regulations established by State laws and State constitutions under which a person convicted of crime may move for a new trial or carry his case to a reviewing court, or the extent of the new trial which will be granted to him if he elects of his own motion to invoke the aid of such statutory or

constitutional provisions, provided only they furnish due process of law, and do not deny the equal protection of the laws. There is nothing in the Georgia constitution or laws having any such effect as to the accused. He has been accorded a trial before a court of competent jurisdiction. No claim is made that he was not duly and regularly tried in accordance with the forms of law, nor is any other error assigned except on the point hereinbefore discussed. He has apparently fallen into the same error as did Rawlins, which is thus referred to by Mr. Justice Holmes: "At the argument before us the not uncommon misconception seemed to prevail that the requirement of due process of law took up the special provisions of the State constitution and laws into the fourteenth amendment for the purposes of the case, so that this court would revise the decision of the State court that the local provisions had been complied with. This is a mistake. If the State constitution and laws as construed by the State court are consistent with the fourteenth amendment, we can go no further. The only question for us is, whether a State could authorize the course of proceedings adopted, if that course were prescribed by its constitution in express terms." Rawlins v. Georgia, 201 U. S. 638 (26 Sup. Ct. 560, 50 L. ed. 809).

The fourteenth amendment did not radically change the whole theory of the relations of the State and the Federal governments to each other, and of both governments to the people. In re Kemmler, 136 U. S. 436, 448 (10 Sup. Ct. 930, 34 L. ed. 519); Hurtado v. People of California, 110 U. S., 516 (4 Sup. Ct. 111, 292, 28 L. ed. 232). In Leeper v. Texas, 139 U. S. 462 (11 Sup. Ct. 577, 35 L. ed. 225), it was said: "By the fourteenth amendment the powers of States in dealing with crime within their borders are not limited, except that no State can deprive particular persons, or classes of persons, of equal and impartial justice under the law; that law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied; and that due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the established principles of private right and distributive justice."        *Judgment affirmed. All the Justices concur.*