### 37182. MORRIS *et al. v.* THE STATE.

TOWNSEND, Judge. 1. Reginald Morris and Bobby Beckworth were convicted of the offense of shooting at another on an indictment charging them with assault with intent to murder. The court charged: "The defendants are presumed in law to be innocent of the charge until and unless the evidence satisfies your minds beyond a reasonable doubt as to their guilt. The burden of producing such evidence is on the State." Error is assigned on grounds that the charge is not sufficiently full and on the use of the word "evidence" instead of "proof".

(a) Substantially the same charge was held in *Wages* v. *State,* 56 *Ga. App.* 365 (2) (192 S. E. 652) to be sufficient, in the absence of a specific request for further instructions.

(b) "It was not error to charge that 'This defendant enters into the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial and until his guilt is established by the evidence beyond all reasonable doubt.'" *Anderson* v. *State,* 196 *Ga.* 468 (7) (26 S. E. 2d 755). "There is no merit in the exception that the court erred in charging the jury that the presumption of innocence remained with the accused until the *evidence* in the case satisfied the jury of his guilt beyond a reasonable doubt. Though the jury, as correctly instructed, must consider the statement of the accused as well as the evidence before they are authorized to convict, this rule does not apply to the presumption of innocence, which arises where the accused makes a statement and also where he does not. Reference to the statement in these instructions would not have been pertinent, since, at this point, the jury might have inferred that the court assumed that the defendant had made a statement prejudicial to himself." *Aiken* v. *State,* 170 *Ga.* 895 (4) (154 S. E. 368). Ground 1 of the amended motion for new trial is without merit.

2. Special ground 2 complains because the court, in charging on the credibility of witnesses, repeated the pertinent portions of Code § 38-107. Error is assigned on his failure in this connection to charge the last sentence as follows: "The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number." A similar charge, also omitting the last sentence, was approved in *Thompson* v. *State,* 160 *Ga.* 520 (1) (128 S. E. 756). This Code section, at least insofar as it refers to preponderance of evidence, has no place in a criminal case, and, although the rules therein laid down as to determining the credibility of witnesses may be given in a criminal case, the omission of some one of the tests listed in Code § 38-107 is not ordinarily ground for reversal. *Eller* v. *State,* 48 *Ga. App.* 163 (1) (172 S. E. 592).

3. In special ground 3 it is contended that the court erred in charging the elements of the offense of assault with intent to kill because the court did not in connection therewith charge "the law of self-defense or other circumstances of justification or mitigation" and because there was no evidence to show that one of the defendants shot at the prosecutor.

(a) The prosecutor testified on direct examination that, as he and his wife were driving home, a car in which the defendants were riding passed them, stopped, and backed toward them, forcing them to back up until they were in a ditch, and that Bobby Beckworth then got out of his car, came toward the prosecutor's car with a pistol in his hand and shot at him. On cross-examination he testified: "He came from in front of the car. I don't know what Bobby Beckworth was shooting at. He was at the front of the car and I was at the door. I I don't know what he was shooting at, I didn't see anything out there for him to be shooting at. He was holding the pistol in his hand and was firing it out at me like that. . . He came running out from the car like that and firing at me and when I came out I shot him in the leg. It was in the dark and I couldn't tell if he was aiming the pistol at me, all I could see was the flash from the pistol." Under all the circumstances there was sufficient evidence to authorize a charge by the court and a finding by the jury that Beckworth attempted to fire upon the prosecutor. This special ground is without merit.

(b) "The failure to charge some other legal proposition applicable to the case is not available for an assignment of error on a charge in itself correct." *Howell* v. *State,* 124 *Ga.* 698 (2) (52 S. E. 649); *Harvey* v. *State,* 121 *Ga.* 590 (2) (49 S. E. 674); *Hicks* v. *State,* 146 *Ga.* 221 (6) (91 S. E. 57); *Johnson* v. *State,* 150 *Ga.* 67 (3a) (102 S. E. 439). This ground and special ground 5, which contains a like defect, are without merit.

4. (a) Evidence that the defendants were both armed, that they followed the prosecutor's car at night, passed it, backed up to it, forcing it in the ditch; that one of the defendants shot a pistol, that the prosecutor then shot at and wounded that defendant, and the other defendant, Morris, shot at and wounded the prosecutor, is sufficient to support an inference that the defendants were acting in concert with the intention of inflicting bodily harm upon the prosecutor, and authorized a charge on conspiracy.

(b) That the court defined a conspiracy as "an agreement to do an unlawful act" is not reversible error because the court failed to characterize it as "a corrupt agreement." Any agreement to do an unlawful act is illegal, and, in that sense, corrupt.

5. The evidence, a part of which is set out above, was sufficient to support the verdict of guilty of shooting at another as to both defendants.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958.

*J. Ellis Pope, Jackson & Graham,* for plaintiffs in error.
*W. H. Lanier, Solicitor-General,* contra.