40115.   HARRELL v. THE STATE.

FRANKUM, Judge. 1. A confession, as related to criminal law, means the admission of every essential element necessary to establish the crime with which the defendant is charged. Any statement of the defendant which does not include every element necessary to make out the case against the defendant cannot be said to amount to an admission of guilt. A crime consists of something more than the mere commission of an act. There must be a union of the act with intention. *Owens v. State*, 120 Ga. 296, 298-9 (48 SE 21).

2. Where the State relies upon extra-judicial statements of the accused alone to show intent to commit the crime charged and no other evidence is introduced to show such intent, and where the alleged confession of the defendant and his sworn

testimony on the trial, considered together, amount to no more than the admission of the main fact (that is, the killing of the deceased) with the qualifying exclusion of the necessary ingredient of intent, and where there was nothing in the proofs submitted by the State which materially contradicted the defendant's account of what occurred, even though the defendant's admission and his testimony may seem unreasonable, where it is the only explanation the State is able to offer, it is insufficient to sustain a conviction of voluntary manslaughter. *Wall v. State,* 5 Ga. App. 305, 308 (4) (63 SE 27).

3. The uncontradicted evidence shows that the defendant shot the deceased when the deceased grabbed a rifle and was in the process of attempting to cock it and shoot the defendant. The deceased had already made an unprovoked attack on the defendant's father, and the defendant, in his extra-judicial statements and in his sworn testimony on the trial, stated facts in support of his conclusion that he feared for his life and that of his father. After the shooting, the defendant and his father placed the deceased in the father's automobile and delivered him to a hospital in Waycross, departing therefrom without identifying themselves to any of the hospital personnel or offering any explanation for the shooting. Several hours thereafter the defendant was apprehended at the home of his father, and at that time refused to make any statement, saying only that he desired to consult a lawyer. Later, however, he did make a statement and voluntarily submitted to a polygraph test under an agreement entered into between the solicitor and counsel for the defendant that the results thereof would be admitted in evidence on the trial. This test tended to exonerate the defendant. Under all the facts and circumstances of this case the conviction of voluntary manslaughter was not authorized, and it is unnecessary to consider any of the special assignments of error. See *Perry v. State,* 185 Ga. 408, 411 (2) (195 SE 175); *Hudson v. State,* 24 Ga. App. 310 (100 SE 784); *Thomas v. State,* 86 Ga. App. 15 (70 SE2d 539); *Odom v. State,* 106 Ga. App. 60 (126 SE2d 472).

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 10, 1963.

*Leon A. Wilson, II, J. Edwin Peavy,* for plaintiff in error.
*Dewey Hayes, Solicitor General, M. C. Pritchard,* contra.