40272.   PRICE v. THE STATE.

Decided October 31, 1963.

*Allyn M. Wallace,* for plaintiff in error.

*Cohen Anderson, Solicitor General,* contra.

FRANKUM, Judge. Earl Price was indicted for the murder of Johnnie Mae Dupree by cutting and stabbing her with a knife. He pleaded not guilty, and on the trial the jury found him guilty of voluntary manslaughter, fixing his sentence at 10 to 15 years. He made a motion for a new trial on the general grounds which he amended by the addition of eight special grounds numbered 4 through 11. His motion was overruled, and the assignment of error here is on that judgment. Such other facts as are necessary to a clear understanding of the errors complained of will appear in the opinion.

■ Grounds 4 and 5 of the motion for new trial assign error because certain testimony set forth therein was admitted over the objection that the same was a conclusion and an opinion of the witness. These grounds are too incomplete to be considered. A ground of a motion for new trial complaining of the admission of oral testimony must set forth that the opposing party offered the evidence and the name of the witness testifying. *City of LaGrange v. Cotter,* 29 Ga. App. 577 (1) (116 SE 204); *Clare v. Drexler,* 152 Ga. 419 (6) (110 SE 176). Neither of these grounds contains these essential elements of a valid ground of a motion for a new trial complaining of the admission of evidence. Furthermore, the only objection shown to have been made to this evidence at the time it was offered was that it was a conclusion (ground 4) and that it was an opinion (ground 5). Such objections were so vague and general that it was not error for the court to admit the testimony in the absence of more specific objections. *Harris v. State,* 69 Ga. App. 872 (27 SE2d 51). Finally, assuming that a valid and specific objection had been made in each instance and that the grounds were sufficiently complete to authorize the court to pass on them, what is contained in the grounds shows that the witness had testified to facts upon which he based his conclusion and opinion, and that these facts were sufficient to authorize the conclusion and opinion drawn by the witness. In such circumstance the conclusion or opinion of the witness was admissible. *Spradlin v. State,* 90 Ga. App. 97, 99 (2) (82 SE2d 238); *Adams*

*v. Adams,* 213 Ga. 875, 877 (2) (102 SE2d 566). These grounds of the motion were properly overruled.

■ Ground 6 of the motion assigns error because the trial court in charging the jury on the credibility of the witnesses instructed them substantially in the language of *Code* § 38-107, substituting language appropriate to a charge on the credibility of witnesses and omitting the last sentence of that Code section. This assignment of error is substantially the same as that contained in *Morris v. State,* 97 Ga. App. 762 (2) (104 SE2d 483), and the charge complained of as ruled in that case was not error. See *Moore v. State,* 57 Ga. App. 287 (3) (195 SE 320); *Sconyers v. State,* 67 Ga. App. 902, 906 (3) (21 SE2d 504).

■ In ground 7 of the motion error is assigned because the court failed to charge all of the provisions of *Code* § 38-415, as amended by the Act approved February 27, 1962 (Ga. L. 1962, p. 133). This Code section relates to the prisoner's statement and his right to make it under oath or not under oath, and relates to his right not to be compelled to answer questions on cross examination. The language which was omitted from the charge given and which it is contended should have been given is as follows: ". . . except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue. Evidence of prior felony convictions may be admitted in those cases where the same are alleged in the indictment as provided by law. The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure: Provided, however, in the event the defendant elects to be sworn and examined, he shall not lose his right to open and conclude the argument to the jury, if he has not introduced other evidence in the trial." This language was clearly not intended and is not appropriate as an instruction to the jury, but is a directive to the court. It should not be included in the charge to the jury, and in fact, if given, would probably constitute harmful error to the defendant. For these reasons it was not error for the court to omit to give it in charge to the jury.

■ In ground 8 of the motion for new trial, error is assigned

on the following portion of the charge: "I charge you further that if the defendant in this case has admitted the killing of the deceased in the manner described in the bill of indictment, but in the same connection offered a legal and justifiable excuse for the killing, then I charge you that this would not be an admission of guilt and you would not consider it as a confession."

This charge was a correct exposition of the law relating to admissions of guilt and confessions. The jury could not well have understood other than that the court in referring to the killing "in the manner described in the bill of indictment" meant the killing by cutting and stabbing with a knife. This charge was not erroneous for any reason assigned.

■ The defendant in his statement admitted that he killed the deceased by stabbing her with a knife. He contended that while he and the deceased were riding along a country road near the home of the deceased's sister, the deceased hit him and started "tangling" with him; that he couldn't drive the car and tangle with her so he stopped the car to avoid running in the ditch; that when he stopped, the deceased got out and drew a gun from her bosom and ordered him to get out; that after getting out of the car he tried to get the pistol away from her, and while so doing the pistol was twice discharged, one of the bullets grazing his leg. According to his statement it was about this time that he stabbed the deceased, contending that he did it in an effort to prevent her from shooting him. On the other hand, there was testimony introduced on behalf of the State from which the jury would have been authorized to find that the deceased got out of the automobile on one side and the defendant on the other side, and that the deceased ran back along the road toward her sister's house, some 250 feet; that she was pursued by the defendant and overtaken and a scuffle occurred in the roadway; that the deceased thereafter went about 80 feet more to her sister's house, and that the defendant retraced his steps to the automobile and drove away. This theory as to what transpired was supported by the testimony of the sheriff as to his examination of footprints and other physical evidence appearing in the road, including what appeared to be bloodstains in the area where the scuffle appeared to have taken place.

There was no evidence of any statement made by the deceased to her sister regarding the occurrence in question when she entered her sister's house after having been stabbed by the defendant, and the pistol which the defendant claimed she drew on him was not produced or accounted for.

While we recognize the rule enunciated in cases like *Wall v. State*, 5 Ga. App. 305 (63 SE 27), that where the State must rely upon the defendant's admission alone for an essential element of its case, and where the defendant's inculpatory statement is coupled with exculpatory matter which shows the killing to have been fully justified, the jury may not, in convicting the defendant, accept the inculpatory statement and reject the exculpatory matter, see *Odom v. State*, 106 Ga. App. 60 (126 SE2d 472), this rule does not apply, however, where there is evidence of facts and circumstances which are contradictory to the statement made by the defendant. In such a case it is the prerogative of the jury to believe certain parts only of the defendant's statement while rejecting other parts, and to combine the parts of the statement thus believed with the evidence of facts and circumstances which they believe in order to arrive at a logical verdict. *White v. State*, 118 Ga. 787 (45 SE 595); *Cotton v. State*, 81 Ga. App. 753 (59 SE2d 741).

Upon application of the foregoing rules of law to the evidence and to the defendant's statement, the jury was authorized to infer that the defendant and the deceased engaged in an argument while driving along the road in an automobile; that she hit him; that the automobile was stopped and that the deceased got out of the automobile and drew a pistol on the defendant and demanded that he get out and that after both had alighted from the automobile, the defendant undertook to take the pistol from the deceased to prevent her from shooting him, and while so engaged the pistol discharged inflicting a minor flesh wound on the defendant, and that the deceased thereafter abandoned her unlawful attack on the defendant and fled toward her sister's house pursued by the defendant, and was overtaken by him, at which time he inflicted upon her the fatal stab wound in the heat of passion engendered by the previous assault made on him by the deceased.

■ However, if the above construction and interpretation of the evidence was not followed by the jury in arriving at their verdict of voluntary manslaughter, the verdict was not authorized because, if the jury rejected the theory of the chase, they were bound to find that the stabbing occurred as stated by the defendant, that is, while he was endeavoring to ward off an unlawful attack made upon him by the deceased with a pistol. In such circumstances, the doctrine of *Wall v. State,* 5 Ga. App. 305, supra, would apply because there are no facts or circumstances contradictory to the defendant's contention that the stabbing was self-defense unless the theory of the chase be accepted.

When the evidence is viewed in this light, the court did not err in charging the jury the law with respect to voluntary manslaughter as complained of in ground 9, nor can we say that the verdict finding the defendant guilty of voluntary manslaughter as complained of in ground 10 was wholly unauthorized. There was no evidence of mutual combat, however, and the assignment of error contained in ground 11 of the motion for a new trial that the court erred in charging the provisions of *Code* § 26-1014 is meritorious and requires a reversal of the case under the authority of *Dye v. State,* 218 Ga. 330, 332 (127 SE2d 674) and citations.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*