### 43747. PRICE v. THE STATE.

JORDAN, Presiding Judge. Earl Price was indicted for the murder of Johnnie Mae Dupree, convicted of voluntary manslaughter and sentenced to 10 to 15 years. On appeal to this court (*Price v. State,* 108 Ga. App. 581 (133 SE2d 916)) we reversed on an erroneous charge of mutual combat. Price was again placed on trial for murder under the same indictment, resulting in his conviction of voluntary manslaughter and a sentence of 10 years. From such verdict and judgment, Price appealed to the Supreme Court of Georgia. The case was transferred to this court since "only questions as to the application of plain and unambiguous provisions of the Constitution" are involved. *Price v. State,* 224 Ga. 306 (161 SE2d 825). *Held:*

1. Enumerations of error 1 and 2 complain of the overruling of defendant's special plea of autrefois acquit and the denial of his rights under the 5th and 14th Amendments to the Constitution of the United States in that he was placed in jeopardy of life and liberty more than once for the same offense.

These contentions have been decided adversely to the defendant in the case of *Brantley v. State,* 132 Ga. 573 (64 SE 676, 22 LRA (NS) 959, 131 ASR 218, 16 AC 1203), affirmed in 217 U. S. 284 (30 SC 514, 54 LE 768), where it was said, "When a person has been indicted for murder and convicted of voluntary manlaughter, if he voluntarily seeks and obtains a new trial, he is subject to another trial generally for the offense charged in the indictment, and upon such trial he cannot successfully interpose a plea of former acquittal of the crime of murder, or former jeopardy in regard thereto."

2. Enumerations of error 3, 4, and 5 relate to the general grounds and Enumeration number 6 to the charge of the court on voluntary manslaughter. These contentions were fully dealt with in *Price v. State,* 108 Ga. App. 581, supra, Division 5, and the result reached there is controlling on these issues since the evidence on the second trial was substantially the same as on the first trial.

3. Enumeration of error number 7 complains that portions of the testimony of the sheriff constituted conclusions and opinions as to how the homicide was committed. Since no objections were made to the testimony during the trial, this enumeration is without merit.

4. Enumeration of error number 8 contends that the court erred in denying the indigent defendant's request for a copy of the transcript of the record. Upon the filing of the defendant's notice of appeal in this case, a transcript of the record was filed with the trial court and transmitted to this court as provided by *Code Ann.* § 6-805 (e) without cost to the defendant. This transcript was available to defendant's attorney for use in preparing his brief and in perfecting the appeal to this court, thus affording the defendant a full and adequate review without regard to his ability to pay. This situation is not within the ambit of such cases as Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891, 55 ALR2d 1055) and Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U. S. 214 (78 SC 1061, 2 LE2d 1269), relied upon by the defendant.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED JUNE 5, 1968—DECIDED JUNE 25, 1968—
REHEARING DENIED JULY 24, 1968—

*Allyn M. Wallace,* for appellant.

*Cohen Anderson, Solicitor General,* for appellee.

ON MOTION FOR REHEARING.

The defendant vigorously insists that the 1909 decision in *Brantley v. State,* 132 Ga. 573 (64 SE 676), affirmed in 1910 by the United States Supreme Court in 217 U. S. 284 (30 SC 514, 54 LE 768), is no longer controlling as the law of this State, in view of the 1957 decision of the United States Supreme Court in Green v. United States, 355 U. S. 184 (78 SC 221, 2 LE2d 199, 61 ALR2d 1119) and the 1965 decision of the United States Court of Appeals, Second Circuit, in United States v. Wilkins, 348 F2d 844.

In the Green case the Supreme Court determined that a defendant charged with first degree murder in the District of Columbia and convicted of second degree murder, who obtained a new trial and was convicted on the second trial of first degree murder, was placed in jeopardy twice for the same offense in violation of the Fifth Amendment of the Constitution. In a footnote (2 LE2d 208, n. 15) the court distinguished the Brantley case because it involved a trial in a state court.

In the Wilkins case, the petitioner in habeas corpus was indicted under New York law of first degree murder, and tried three times. After successfully appealing in the New York courts his first conviction of second degree murder, and a second conviction of first degree murder, he was convicted on the third trial of second degree murder, and imprisoned under a sentence of 40 years to life. The Court of Appeals for the Second Circuit held that the State of New York transgressed the limitations of the Fourteenth Amendment in prosecuting the petitioner for first degree murder following the completion of the first trial, and that a reasonable possibility of prejudice existed in the third trial by the fact that he was prosecuted for first degree murder. The court ordered that the writ be granted unless within a reasonable time New York afforded the petitioner a new trial conforming to the principles set forth in the opinion.

Although the United States Supreme Court denied certiorari, 383 U. S. 913 (86 SC 896, 15 LE2d 667), this does not establish a controlling precedent of the Supreme Court on the merits.

In 1966 the Supreme Court, in Cichos v. Indiana, 385 U. S. 76 (87 SC 271, 17 LE2d 175), rehearing denied, 385 U. S. 1020 (87 SC 699, 17 LE2d 559), did have before it the precise question of whether the Fifth Amendment's prohibition against double jeopardy applied to a state court prosecution under the due process provisions of the Fourteenth Amendment. Instead of determining the issue, however, the court dismissed the writ as improvidently granted, taking the view that because of the indistinguishable features under Indiana law of the two offenses charged, reckless homicide and involuntary manslaughter, there being a conviction in both of the first and second trials only of reckless homicide, it could not accept the petitioner's assertions that the first jury acquitted him of involuntary manslaughter and that the second trial placed him twice in jeopardy.

Earlier, in 1959, the United States Supreme Court held that the due process clause of the Fourteenth Amendment does not bar successive federal and state prosecutions for a single criminal act violating state and federal law. Bartkus v. Illinois, 359 U. S. 121 (79 SC 676, 3 LE2d 684), rehearing denied, 360 U. S. 907 (79 SC 1283, 3 LE2d 1258).

While the dissenting opinion of Mr. Justice Black in Bartkus (3 LE2d 705) which he adhered to while concurring in the majority opinion in Cichos, and the dissenting opinion of Mr. Justice Fortas in Cichos (3 LE2d 179) express views that may eventually become the majority opinion of the court, consonant with other opinions of the court subsequent to Bartkus with respect to due process in state court prosecutions (see Annotation, Bill of Rights in State Courts, 18 LE2d 1388, particularly §§ 2, 3, and 7 [c], in which the cases are collected and discussed) the *Brantley* case, as decided by the Georgia Supreme Court and affirmed by the United States Supreme Court, has never been expressly overruled.

Under the mandate of Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704) the Georgia Supreme Court and not this court has jurisdiction of a case involving the con-

struction of the United States Constitution, and under Par. VIII (*Code Ann.* § 2-3708) the decisions of the Georgia Supreme Court are binding on this court as precedents. The Georgia Supreme Court, in line with numerous other decisions, transferred the case to this court as involving *only* the application of plain and unambiguous provisions of the United States Constitution. *Price v. State,* 224 Ga. 306 (161 SE2d 825). Within these limitations this court must apply the *Brantley* case as the controlling precedent. Accordingly, the court adheres to its original opinion.

*Motion denied.*