## 53167. THOMAS v. THE STATE.

QUILLIAN, Presiding Judge.

The sole issue presented by this appeal is whether the evidence was sufficient to sustain the defendant's conviction for voluntary manslaughter.

Defendant contends that ". . . where the State must rely upon the defendant's admission alone for an essential element of its case, and where the defendant's inculpatory statement is coupled with exculpatory matter which shows the killing to have been fully justified, the jury may not, in convicting the defendant, accept the inculpatory statement and reject the exculpatory matter. . ." *Price v. State,* 108 Ga. App. 581, 585 (133 SE2d 916), citing *Wall v. State,* 5 Ga. App. 305 (63 SE 27).

" . . .[T]his rule does not apply, however, where there is evidence of facts and circumstances which are

contradictory to the statement made by the defendant. In such case it is the prerogative of the jury to believe certain parts only of the defendant's statement while rejecting other parts, and to combine the parts of the statement thus believed with the evidence of facts and circumstances which they believe in order to arrive at a logical verdict." *Price v. State,* 108 Ga. App. 581, 585, supra.

Here there was testimony by two other witnesses as to the events leading up to the fatal shooting. Thus, the state was not relying upon the defendant's testimony alone. There was evidence to sustain a conviction for voluntary manslaughter and the jury was authorized to so find based on the testimony as a whole. Hence, the judgment must be affirmed.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

Argued January 10, 1977 — Decided February 4, 1977.

*J. Robert Daniel,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney,* for appellee.