## 54723. GAY v. THE STATE.

SHULMAN, Judge.

Appellant was tried by a jury and found guilty of aggravated assault. This appeal follows.

1. Appellant attacks the conviction on the general grounds. There was more than ample evidence to support the verdict. Contrary to appellant's contentions, there is no requirement that the testimony of the victim of the alleged assault, appellant's estranged wife, be corroborated in order to legally convict the accused. See Code Ann. § 38-121. *Solomon v. State,* 18 Ga. App. 744 (1) (90 SE 488); *Mitchell v. State,* 120 Ga. App. 447, 448 (3) (170 SE2d 765).

2. The court allowed testimony that after the alleged assault, while the victim was recovering in a hospital, appellant attempted to gain access to her hospital room by posing as someone else and that a search of appellant's person made upon discovering his identity produced a fully loaded pistol. Appellant contends that this testimony connected him with a separate and distinct crime (i. e., possession of a concealed weapon) and thus improperly placed his character in issue.

The record shows that this testimony was allowed for the purposes of rebuttal only. Appellant testified that he loved his wife and was not angry with her. He further testified that he never did anything after the shooting which reflected animosity toward his wife. The judge instructed the jury that "I have permitted a certain witness to testify as a rebuttal witness as to the defendant—as to the testimony of the defendant on direct and cross-examination and that's the only thing you are to consider it for if you consider it for anything, whether or not it impeaches him and whether or not it rebuts testimony that leads towards impeachment. The testimony of the rebuttal witness has no bearing on the issues of the case that you are trying in chief, that is, the guilt or innocence of the defendant as to the crime charged in the indictment. It only goes for you to consider the credibility of the defendant under his sworn testimony and whether or not it rebuts him."

There was no error here. *Childers v. State,* 131 Ga. App. 74 (2) (205 SE2d 56).

3. Although on appeal the record and transcript were transferred in their entirety, appellant who now claims to be indigent, complains that he did not receive a free copy of the trial transcript on appeal. There is no claim that appellant was denied access to the transcript or that appellant made any effort to secure the transcript. Appellant may not claim prejudice resulting from lack of the transcript. See *Price v. State,* 118 Ga. App. 207 (4) (163 SE2d 243), revd. on other grounds, 398 U. S. 323.

4. Appellant's counsel has failed to argue any enumerations. In his brief, he states that "Citations are for the district attorney's office, and for previous holdings

of the Court." This is incorrect. *Terrell v. State,* 138 Ga. App. 74 (5) (225 SE2d 470). Out of fairness to the defendant, however, we have reviewed the enumerations and found no error.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 14, 1977.

*Atkins & Atkins, Ben S. Atkins,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.