## 34254. TERRY v. THE STATE.

HILL, Justice.

The jury found the defendant guilty of the murder of her husband and she received a life sentence. We affirm.

There was evidence from which the jury was authorized to find that the defendant was at a friend's house when her husband slapped her in the face during an argument. She went a short distance to her own house, took a .22 caliber pistol and returned to the friend's house.

The parties continued to argue. The defendant fired the pistol six times. Three bullets struck the victim. All three shots entered the body from the left side (not from the front). He was hit in the left arm, left chest and left side of the abdomen. The defendant told the police that she had shot her husband because she was "tired of him beating on her." The victim was found to be unarmed. The neighbor did not testify.

The defendant was the sole witness for the defense. She testified that her husband drank daily and would beat her when he was drunk. According to the defendant, when she returned with the pistol, she told him to leave her alone but he continued moving toward her. She testified that she fired the pistol as he approached when she thought that he was reaching for a knife that he always carried.

1. The defendant argues the rule stated in *Harrell v. State,* 108 Ga. App. 295 (2) (132 SE2d 787) (1963): "Where the State relies upon extra-judicial statements of the accused alone to show intent to commit the crime charged and no other evidence is introduced to show such intent, and where the alleged confession of the defendant and his sworn testimony on the trial, considered together, amount to no more than the admission of the main fact (that is, the killing of the deceased) with the qualifying exclusion of the necessary ingredient of intent, and where there was nothing in the proofs submitted by the State which materially contradicted the defendant's account of what occurred, even though the defendant's admission and his testimony may seem unreasonable, where it is the only explanation the State is able to offer, it is insufficient to sustain a conviction. . ." See also *Wall v. State,* 5 Ga. App. 305 (4) (63 SE 27) (1908).

There is a seemingly similar but opposite rule. "Although the defendant was the only eyewitness who testified at trial, the jury was not required to believe [her] self-defense testimony." *Jenkins v. State,* 241 Ga. 212 (244 SE2d 868) (1978); *Smith v. State,* 202 Ga. 851, 859 (45 SE2d 267) (1947).

Thus we have one rule, *Harrell v. State,* supra, which appears to say that under the limited circumstances stated there, the defendant's explanation of the homicide must be accepted, and another rule, *Jenkins v. State,*

supra, which appears to say that the defendant's explanation may be rejected. The difference between these two rules is that the former is applicable where the defendant's statement is consistent with the physical facts shown, but the latter rule may be relied upon by the state where the defendant's statement is not consistent with and does not explain the other direct and circumstantial evidence. *Price v. State,* 108 Ga. App. 581 (5) (133 SE2d 916) (1963); *Thomas v. State,* 141 Ga. App. 192 (233 SE2d 41) (1977).

In *Harrell v. State* and *Wall v. State,* supra, the defendants' incriminating statements were consistent with and explained all the physical facts. In *Jenkins v. State,* supra, the defendant's claim of self-defense could be rejected where the evidence showed that the defendant's girlfriend was shot three times with a .38 revolver. In *Smith v. State,* supra, the defendant's claim of self-defense could be rejected where the evidence showed that the victim was shot three times in the back and one wound was inflicted after the victim was dead. In addition, the defendant's statement was not consistent with and did not explain the blood types found.

In the case now before us neither the defendant's statement nor her testimony explained why it was necessary to shoot the deceased three times and why all three shots entered his body from the left side. Moreover, the defendant admitted leaving the scene of the affray, getting her gun and returning to the place where she had left her husband. The state's evidence, direct and circumstantial, contradicted the defendant's self-defense theory and authorized the jury to find the defendant guilty of murder.

2. The defendant testified that the victim drank daily and always carried a knife. The trial court did not commit error warranting reversal in admitting testimony in rebuttal to the effect that from 1976 on, during which the defendant and the victim were living together, police records showed the victim was arrested only once for public drunk and that the victim was not carrying a knife when arrested. Such testimony arguably was admissible in rebuttal and in any event its admission was harmless. Code Ann. § 38-1802. Cf. *Taylor v. State,* 229 Ga. 536 (4)

(192 SE2d 249) (1972); *Key v. State,* 211 Ga. 384 (3) (86 SE2d 212) (1955); *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 860) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1978 — DECIDED JANUARY 5, 1979.

*Clayton Jones, Jr.,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General,* for appellee.