### 51808. LINCOLN v. THE STATE.

EVANS, Judge.

On September 15, 1974, defendant, a juvenile, age 17 years, allegedly committed an armed robbery. A warrant was issued, and he was arrested on September 28, 1974, in another state. He waived extradition and was returned to Floyd County. The regular grand jury for the September Term, 1974, of Floyd County, held its regular session, at which time defendant could have been indicted, but his case was not presented until January, 1975, at which time he was indicted.

On November 7, 1974, a petition alleging him to be delinquent by reason of armed robbery was filed in the Juvenile Court of Floyd County. Notice of the proceedings was given to the district attorney who merely notified the juvenile court by letter on November 11, 1974, that the case was to be presented to the grand jury, and defendant would be tried as an adult, if indicted.

On November 14, 1974, at a hearing in the juvenile court, plaintiff pleaded guilty and was sentenced to the State Training School for Boys at Milledgeville, Georgia, where he was incarcerated under the above sentence.

On January 13, 1975, the grand jury convened and returned a true bill against this defendant for armed robbery. Defendant filed a plea of former jeopardy and a

plea to the jurisdiction of the court.

On September 30, 1975, a hearing was held on the plea of former jeopardy, and the court held that the juvenile hearing was a nullity. The court granted a certificate of review, and on November 4, 1975, this court granted an interlocutory appeal, and this case is now before this court for review inasmuch as the notice of appeal was immediately filed thereafter. *Held:*

1. There is concurrent jurisdiction between the superior courts and the juvenile courts of this state, "over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in the penitentiary." Code Ann. § 24A-301 (b); compare *J. J. v. State of Ga.,* 135 Ga. App. 660, 662 (218 SE2d 668); *J. W. A. v. State of Ga.,* 233 Ga. 683, 687 (212 SE2d 849); *R. W. v. State of Ga.,* 136 Ga. App. 75 (2) (220 SE2d 79).

2. The district attorney could not stand idly by and allow a hearing before the juvenile court of which he had ample advance notice, when he could have presented the case to the grand jury in September. The juvenile was left in jail without bond. The juvenile court assumed jurisdiction, and the district attorney made no appearance or attempt to dispute the jurisdiction of that court. In *Hardeman v. Battersby,* 53 Ga. 36, it was held by the Supreme Court of Georgia that where common law courts have concurrent jurisdiction, the first court taking jurisdiction will retain it. See also *R. W. v. State of Ga.,* 136 Ga. App. 75 (2), supra.

3. The hearing before the juvenile court put the defendant in jeopardy, and further the state juvenile court had for determination the question of whether the crime he had committed should be served as an adult or a juvenile. That court (the juvenile court) could have committed him as an adult before hearing the case on its merits. Code Ann. § 24A-2501. See Reed v. Jones, —-U. S.—- (98 SC 1779, 44 LE2d 346). Compare Price v. Georgia, 398 U. S. 323, 329 (90 SC 1757, 26 LE2d 300), overruling *Brantley v. State,* 132 Ga. 573 (64 SE 676), affirmed 217 U. S. 284; and *Price v. State,* 118 Ga. App. 207 (163 SE2d 243). Its judgment to try him as a juvenile

is res judicata as determination of guilt was made in that court.

4. Accordingly, the superior court erred in denying the plea of double jeopardy.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 8, 1976 — REHEARING DENIED MARCH 24, 1976 —

*Jones, Robbins & MacLeod, James A. Robbins, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.