## 34124. THE STATE v. CRANKSHAW.

MARSHALL, Justice.

In this case the Court of Appeals held that §§ 24A-301 (a) (1) (A) and 24A-401 (c) of the 1971 Juvenile Court Code of Georgia (Code Ann. §§ 24A-301 (a) (1) (A) and 24A-401 (c); Ga. L. 1971, pp. 709, 712-713; 1973, pp. 882, 883-884; as amended) vest exclusive original jurisdiction in the juvenile court over the following class of youthful offenders: persons between the ages of 17 and 21 years who have committed noncapital felonies, and who are under the supervision of or are on probation to a juvenile court for acts of delinquency committed before reaching the age of 17 years. We granted certiorari.

Under Code Ann. § 24A-301 (a) (1) (A), the juvenile court has exclusive original jurisdiction over juvenile matters and is the sole court for initiating action concerning any child who is alleged to be delinquent except when the allegation is based on a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in the penitentiary. In *J. W. A. v. State of Ga.,* 233 Ga. 683 (212 SE2d 849) (1975), this court determined that the foregoing section of the Juvenile Court Code gives the juvenile courts exclusive original jurisdiction over noncapital juvenile cases. Code Ann. § 24A-401 (c) defines "child" as "any individual who is: (1) under the age of 17 years [or] (2) under the age of 21 years who committed an act of delinquency before reaching the age of 17 years and who has been placed under the supervision of the court or on probation to the court."

In our opinion, Code Ann. § 24A-401 (c) (2) is intended merely as a device for extending the jurisdiction of the juvenile courts to take actions against persons between the age of 17 and 21 years authorized under other sections of the Juvenile Court Code—specifically, Code Ann. § 24A-2701 (Ga. L. 1971, pp. 709, 738; 1974, pp. 1126, 1131) (which permits the juvenile court to extend an order of probation until the juvenile reaches the age of 21 years); Code Ann. § 24A-3503 (d) (2) (Ga. L. 1971, pp. 709, 751; 1973, pp. 882, 888) (which allows a child who has been fingerprinted in an investigation of a crime to have his fingerprints removed from the files and destroyed if the child reaches 21 years of age and there is no record that he committed a criminal offense after reaching 16 years of age); and Code Ann. § 24A-3901 (a) (Ga. L. 1971, pp. 709, 755; 1973, pp. 882, 889) (which allows the juvenile court to act as a court of inquiry for any person 17 years of age or over, whenever such person is brought before the court in the course of any proceeding instituted under Code Title 24A). Code Ann. § 24A-401 (c) (2) should not be construed as giving the juvenile courts jurisdiction over noncapital felonies committed by persons after they have reached the age of 17 years.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED FEBRUARY 6, 1979 — REHEARING DENIED FEBRUARY 27, 1979.

*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellant.

*K. Van Banke,* for appellee.

*Tony H. Hight, L. Elizabeth Lane, Lucy H. McGough, Timothy P. Terrell,* amici curiae.