appellant.

S90A1629. In re M. E. J.
(401 SE2d 254)

FLETCHER, Justice.

M. E. J., a juvenile, was charged with three counts of murder. There is evidence that on June 15, 1990, the state served M. E. J. with notice of its intent to transfer his case to superior court under OCGA § 15-11-39. The record indicates that M. E. J.'s mother was served with this notice on June 18, 1990. M. E. J. appeared with counsel for a hearing in Juvenile Court on June 21, 1990.

M. E. J.'s attorney apparently was not aware of the state's motion to transfer.[1] When the associate juvenile court judge asked if M. E. J. admitted or denied those paragraphs of the delinquency petition charging him with murder, M. E. J.'s attorney attempted to admit the crimes for the purpose of sentencing. The court refused to accept the admission for that purpose or to receive any evidence, noting that the hearing was to determine whether the offense should be transferred for prosecution, not to determine the merits of the case. When M. E. J.'s attorney complained that notice of the hearing was defective, the court instructed the state to give M. E. J.'s attorney written notice of its intent to transfer. The court then terminated the hearing and scheduled a second hearing on the motion to transfer.

At the second hearing M. E. J.'s attorney argued that because M. E. J. admitted the charges against him at the first hearing, he was placed in jeopardy, and therefore a transfer of his case to superior court would violate the double jeopardy clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Art. I, Sec. I, Par. XVIII of the Georgia Constitution. The juvenile court found that M. E. J.'s admission of the crimes went only to the issue of whether there were "reasonable grounds to believe that . . . the child committed the delinquent act alleged," OCGA § 15-11-39 (a) (3) (A), in order to transfer the case to superior court.[2] The juvenile court also

---

[1] Under OCGA § 15-11-39 (a) (2), the state is not required to give notice to the attorney of the juvenile.

[2] We note that any statements made by the child at a transfer hearing "are not admissible against him over objection in the criminal proceedings following the transfer." OCGA § 15-11-39 (d), effective July 1, 1991; OCGA § 15-11-39 (e).

found that the two hearings were for the sole purpose of determining whether the case should be transferred to superior court, and as no evidence on the merits of the charges against the juvenile had been admitted, jeopardy had not attached. The juvenile court then ordered that the offense for prosecution be transferred to Fulton Superior Court.

We agree with the juvenile court that jeopardy did not attach in this case when M. E. J. attempted to admit the crimes for the purpose of sentencing. The record clearly shows that the juvenile court refused to accept the admission for this purpose and heard no evidence on the merits of the case. This case is distinguishable from *Lincoln v. State*, 138 Ga. App. 234 (225 SE2d 708) (1976), relied on by M. E. J., where it was held that a juvenile could not be bound over to superior court after his guilty plea had been accepted and he had been sentenced in juvenile court.

In the circumstances of this case, M. E. J.'s admission of the crimes did not constitute a "hearing on the merits" which would prevent the juvenile court from transferring the case under OCGA § 15-11-39 (a). Further, the juvenile court did not violate Juvenile Court Rule 10.4 by failing to conduct an adjudicatory hearing on M. E. J.'s admission. The record shows that the juvenile court inquired whether M. E. J. admitted the crimes for the limited purpose of determining whether his case should be transferred to superior court, and the court accepted M. E. J.'s admission for that same limited purpose. Under Rule 10.4 the juvenile court has the discretion to accept or refuse to accept the juvenile's admission on the merits of the case. It is clear that the court did not accept M. E. J.'s admission within the meaning of Rule 10.4.

The juvenile court did not err in transferring the offense for prosecution to Fulton Superior Court.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Timothy T. Herring,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Lyn K. Armstrong, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.