A07A1394. THE STATE v. CARR.
(652 SE2d 597)

MILLER, Judge.

Patrick Carr was charged by accusation with possession of alcohol by an underage person in violation of OCGA § 3-3-23 (a) (2).

At a guilty plea hearing, the trial court accepted Carr's plea of no contest upon the execution of a written waiver of rights. Rather than proceeding to sentencing, the trial court ordered that the probation department first complete a presentence investigation and that Carr, in the meantime, complete an alcohol education course. Carr thereafter completed such course, and the trial court, sua sponte, dismissed the accusation without providing notice to the State or conducting a sentencing hearing. On appeal, the State contends that the trial court erred by dismissing the accusation and by withdrawing Carr's plea of no contest. For the reasons that follow, we agree.

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record shows that Houston County police responded to a citizen's complaint as to a loud party or disturbance at 311 Cosmos Avenue in Bonaire. Upon their arrival, the officers found "copious amounts" of alcoholic beverages and noted that underage drinking was taking place. Carr was among those issued a citation for the same.

1. We conclude that the trial court erred by sua sponte dismissing the accusation. "A criminal charge is generally dismissed only when there is a defect on the face of the indictment or accusation. [Cit.]" *State v. Henderson*, 283 Ga. App. 111, 112 (2) (640 SE2d 686) (2006). While a trial court is thus authorized to dismiss an accusation, it may not do so in a manner "impermissibly interfer[ing] with the State's right to prosecute...." *State v. Aldridge*, 259 Ga. App. 673, 674 (1) (577 SE2d 863) (2003).

Here, the trial court dismissed the accusation based upon Carr's completion of the alcohol education course alone, without giving notice to the State or to Carr and absent Carr's motion to withdraw his plea. Prior to pronouncement of sentence, the defendant enjoys an absolute right to withdraw a guilty plea or plea of nolo contendere. OCGA § 17-7-93 (b); *Anderson v. State*, 194 Ga. App. 395 (390 SE2d 637) (1990); see *McLeod v. State*, 251 Ga. App. 371 (1) (554 SE2d 507) (2001) (as to the plea of nolo contendere). There also is no claim of a defect on the face of the accusation, and we find none. Thus, the trial court was not authorized to sua sponte dismiss the accusation.

2. Given our disposition of Division 1, we need not address the State's claim that the trial court erred by withdrawing Carr's plea upon sua sponte dismissing the accusation.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellant.

Patrick Carr, *pro se.*