694 S.E.2d 372 (2010)
In the Interest of K.L., a child.
No. A10A0813.
Court of Appeals of Georgia.
April 13, 2010.
*373 James J. Anagnostakis, for appellant.
Barry H. Wood, for appellee.
JOHNSON, Presiding Judge.
K.L. was charged in juvenile court with a number of offenses, including criminal gang activity, aggravated assault, fighting in a public place, and possessing a weapon on school grounds. Since no legal custodian was present at the initial detention hearing[1] on August 17, 2009, the court reset the hearing. On August 20, 2009, K.L.'s mother completed an application for appointment of counsel and an application for bond. The application for bond was granted, and the case was again reset until an attorney was appointed.
On August 27, 2009, the case convened for a ten-day adjudication,[2] and K.L. admitted to the charges. After hearing from the prosecutor, K.L., K.L.'s attorney, and asking her own questions, the juvenile court judge accepted the admissions. However, the sheriff's investigator subsequently informed the court that the investigation was still ongoing and that additional charges might be generated. The juvenile court judge then decided to treat the hearing as a detention hearing, vacated the admissions, and reset the case for a ten-day adjudication. K.L. appeals, arguing the juvenile court cannot sua sponte vacate his admissions. We agree with K.L. and reverse the juvenile court's order.
1. K.L. first argues that, contrary to the juvenile court's statement that a detention hearing, rather than a ten-day adjudication, was warranted because there had not previously been a finding of probable cause in the case, probable cause was found during the August 17, 2009 hearing. The state agrees, stating in its brief: "In that the Court heard the allegations and continued the case for the mother's attendance, probable cause was found. The presiding judge acknowledged such by addressing bond at the second hearing." We also agree. OCGA § 15-11-46.1 a mandates that "restraints on the freedom of accused children prior to adjudication shall be imposed only when there is probable cause to believe that the accused child did the act of which he or she is accused and there is clear and convincing evidence that the child's freedom should be restrained." Since the juvenile court judge had previously placed restraints on K.L.'s freedom, by statute the judge necessarily had found probable cause. The juvenile court judge erred in determining that a ten-day adjudication was not ripe because a detention/probable cause hearing had not been held in the case.
2. K.L. contends the juvenile court erred in vacating his admissions after the juvenile court found a basis for them and accepted them. We agree.
At the ten-day adjudication on August 27, 2009, K.L.'s attorney acknowledged service of the charges, and the prosecutor ascertained that K.L. had spoken to and asked his attorney questions, and that K.L. did not have any further questions. The prosecutor then read the charges one at a time, and K.L. admitted each charge. The prosecutor then asked K.L. whether anyone forced or pressured him to admit the charges and whether anyone offered to give him something if he admitted the charges. K.L. replied, "No, sir" to both questions. The prosecutor tendered the admissions.
The juvenile court then stated: "All right. And, obviously, the child has a legal right to admit to the charges. The Court can't really require that he enter a denial, if he is willing to admit to the charges and he's admitted to each and every charge that has been presented *374 on the petition." The court asked K.L.'s attorney, "are you satisfied that [K.L.] understands all of his rights and the legal rights he is giving up by making thisthese admissions, today?" The court further asked, "And do you believe that there is an adequate factual basis for each of his admissions and that it's in his best interest to do so?" K.L.'s attorney responded, "Yes, ma'am" to both questions. After determining that the prosecutor did not have any further comments, the juvenile court accepted K.L.'s admissions:
Okay. Then, I will accept [K.L.'s] admissions. I find that they are freely, voluntarily, knowingly made. Made with the advice of counsel. I find that there is a factual basis for each of his admissions. And that his admissions are made in his best interest. I'll also enter the order of adjudication and find that he is in need of treatment, rehabilitation, supervision by the Court. And I guess we need to talk about disposition and continued conditions of release.
Prior to disposition, however, a sheriff's investigator informed the juvenile court that the investigation had not yet concluded and requested that disposition be postponed. Despite protestations from K.L.'s attorney, the juvenile court decided to treat the ten-day adjudication as a detention/probable cause hearing. The court sua sponte vacated K.L.'s admissions and "reset the 10-day based upon this being the conclusion of the detention hearing." We find that the juvenile court erred in sua sponte vacating K.L.'s admissions after previously finding the admissions were freely, voluntarily, and knowingly made, finding a factual basis for the admissions, finding that the admissions were in K.L.'s best interest, and accepting the admissions.
"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the `plain legal error' standard of review."[3] By vacating K.L.'s admissions, the juvenile court essentially put K.L. in double jeopardy. While K.L. does not cite, and we cannot locate, any case directly on point with the facts in his case, this Court has previously held that the question of whether double jeopardy attaches turns on whether the juvenile court hears the merits of the case. In Lincoln v. State,[4] we found that the hearing before the juvenile court put the defendant in jeopardy because the case involved a hearing on the merits. In contrast, we found in In re M.E.J.[5] that double jeopardy did not attach because the juvenile court refused to accept any evidence or admissions for the purpose of sentencing, noting that the hearing was to determine whether the offense should be transferred for prosecution, not to determine the merits of the case.
In the present case, the juvenile court clearly heard the merits of the case, and after questions by both the prosecutor and the juvenile court judge, the juvenile court accepted K.L.'s admissions as to the charges against him. We find that where a juvenile court considers the case on its merits and accepts a juvenile's admissions that he committed the acts charged, double jeopardy precludes the court from vacating the admissions and rehearing the case at a later date. The juvenile court here erred in sua sponte vacating K.L.'s admissions after hearing the merits of the case and accepting the admissions.
Judgment reversed.
MILLER, C.J., and PHIPPS, J., concur.
NOTES
[1] OCGA § 15-11-49 delineates the requirement and timing of juvenile detention hearings.
[2] OCGA § 15-11-39(a) provides that after the petition has been filed the court shall set a hearing which, if the child is in detention, shall not be later than ten days after the filing of the petition.
[3] (Citations and punctuation omitted.) State v. Carr, 287 Ga.App. 691, 692, 652 S.E.2d 597 (2007).
[4] 138 Ga.App. 234, 235(3), 225 S.E.2d 708 (1976).
[5] 260 Ga. 805, 806, 401 S.E.2d 254 (1991).