695 S.E.2d 332 (2010)
In the Interest of H.E.B., A Child.
No. A10A0980.
Court of Appeals of Georgia.
May 5, 2010.
*333 Monica N. Hamlett, for Appellant.
Scott L. Ballard, Dist. Atty., Robert W. Smith Jr., Asst. Dist. Atty., for Appellee.
MIKELL, Judge.
The juvenile court adjudicated H.E.B. delinquent for running away from home when she was 17 years old.[1] On appeal, H.E.B. contends that the court erred in denying her motion to dismiss for lack of jurisdiction based on OCGA § 15-11-28(d), which states that "[t]he juvenile court shall not have jurisdiction to initiate any new action against an individual for acts committed after he or she has reached the age of 17 years." Because we conclude that OCGA § 15-11-2(2)(C) extends the court's jurisdiction to certain offenses, such as running away, which are committed when a child is under the age of 18 years, we affirm.
OCGA § 15-11-2(2) defines a "child" as
... any individual who is: (A) Under the age of 17 years; (B) Under the age of 21 years, who committed an act of delinquency before reaching the age of 17 years, and who has been placed under the supervision of the court or on probation to the court; or (C) Under the age of 18 years, if alleged to be a "deprived child" or a "status offender" as defined by this Code section.
A "status offender" is defined as a child "who is charged with or adjudicated of an offense which would not be a crime if it were committed by an adult, in other words, an act which is only an offense because of the perpetrator's status as a child. Such offenses shall include . . . running away from home."[2] In denying H.E.B.'s motion to dismiss, the juvenile court ruled that it had jurisdiction pursuant to OCGA § 15-11-2(2)(C), because H.E.B. had been charged with the status offense of running away from home when she was under the age of 18. We review this decision de novo as it involves the interpretation of a statute, which is a question of law.[3]
H.E.B. contends that OCGA §§ 15-11-28(d) and 15-11-2(2)(C) conflict and that the juvenile court should have followed the former statute and dismissed the petition filed against her. This argument ignores fundamental rules of statutory construction. "[A]ll statutes relating to the same subject-matter, briefly called statutes `in pari materia,' are construed together, and harmonized *334 wherever possible, so as to ascertain the legislative intendment and give effect thereto."[4] Furthermore, "[a]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing ... law and with reference to it; they are therefore to be construed in connection and in harmony with the existing law."[5]
The legislature amended OCGA § 15-11-2(2)(C) in 2003 to include "status offender" under the age of 18 in the definition of a "child."[6] The jurisdictional limitation prohibiting new juvenile court actions against persons based on acts committed by them after the age of 17 years had long been in effect.[7] Thus, we presume that the legislature was fully aware of that age limit when it amended OCGA § 15-11-2(2)(C). Construing this provision in harmony with OCGA § 15-11-28(d), we conclude that the legislature intended to extend the juvenile court's jurisdiction to initiate actions against "status offenders," such as runaways, who are under the age of 18 years when they commit the offensive act.
Our conclusion comports with State v. Crankshaw,[8] in which the Supreme Court of Georgia determined that by enacting the predecessor statute to OCGA § 15-11-2(2)(B),[9] the legislature intended to extend the jurisdiction of the juvenile courts to take actions against individuals between the ages of 17 and 21 years under the circumstances specified in that Code section.[10] It follows that in this case, the juvenile court did not err in determining that it had jurisdiction over H.E.B. pursuant to OCGA § 15-11-2(2)(C).
Judgment affirmed.
SMITH, P.J., and ADAMS, J., concur.
NOTES
[1] The parties in this case entered into a stipulation of facts for the purpose of appeal pursuant to OCGA § 5-6-41(i), showing that H.E.B. turned 17 on May 9, 2009, and ran away from home on July 13, 2009.
[2] OCGA § 15-11-2(11).
[3] Weaver v. State of Ga., 299 Ga.App. 718, 721(2), 683 S.E.2d 361 (2009).
[4] (Citation and punctuation omitted.) Goldberg v. State, 282 Ga. 542, 546, 651 S.E.2d 667 (2007). Accord In the Interest of J.V., 282 Ga. App. 319, 321, 638 S.E.2d 757 (2006).
[5] (Citation and punctuation omitted.) McPherson v. City of Dawson, 221 Ga. 861, 862, 148 S.E.2d 298 (1966).
[6] Ga. L. 2003, p. 640, § 1.
[7] See Ga.Code Ann. § 24A-301(d), now codified as OCGA § 15-11-28(d).
[8] 243 Ga. 183, 253 S.E.2d 69 (1979).
[9] Ga.Code Ann. § 24A-401(c)(2).
[10] Crankshaw, supra at 184, 253 S.E.2d 69.