## A11A0556. HERNANDEZ v. THE STATE.
### (710 SE2d 658)

MCFADDEN, Judge.

Pedro Hernandez appeals the order denying his motion to dismiss the indictment charging him with theft by receiving stolen property and misdemeanor obstruction of a police officer. Hernandez argues that because he was adjudicated delinquent in juvenile court, his prosecution in superior court is barred by the protections against double jeopardy. Because we conclude that Hernandez was not adjudicated delinquent in juvenile court, we affirm the superior court's denial of the motion to dismiss.

Hernandez was charged in a juvenile court complaint with misdemeanor obstruction of an officer and theft by receiving stolen property. The delinquency petition filed the following week notified Hernandez that at the hearing on the petition, the juvenile court

"will consider the transfer of the offense(s) to the appropriate Adult Criminal Court having jurisdiction."

The juvenile court conducted the hearing at which Hernandez, his mother, his attorney and an assistant district attorney appeared. The arresting officer testified about the circumstances of Hernandez's arrest. Hernandez's attorney cross-examined the officer. When she had completed her cross-examination, she argued in favor of leniency and asked the court to place Hernandez on probation. After the assistant district attorney responded, the court began questioning Hernandez's mother about whether he was in a gang and where he learned the language he used against the police officers. He then asked whether Hernandez had been notified that his case could be transferred. When the assistant district attorney said yes, the court engaged in another exchange with the mother, asking about Hernandez's father and his grades. Hernandez's counsel asked that the case be handled in juvenile court. The court asked, "Can I transfer him to adult court?" The assistant district attorney responded yes.

Hernandez's mother added that "he's a good kid," and then the court began questioning Hernandez, asking him, "Well, why did you do it?" Hernandez asked, "Do what?" The court responded, "Whatever you did." Hernandez did not answer, and the court concluded that "the best thing I can do is transfer him to adult court."

Hernandez argues that the hearing was an adjudicatory hearing at which jeopardy attached, so his prosecution in superior court is barred. See *Breed v. Jones*, 421 U. S. 519 (95 SC 1779, 44 LE2d 346) (1975); *Lincoln v. State*, 138 Ga. App. 234 (225 SE2d 708) (1976). "[T]he question of whether double jeopardy attaches turns on whether the juvenile court hears the merits of the case." *In the Interest of K. L.*, 303 Ga. App. 679, 681 (2) (694 SE2d 372) (2010). However, in order to transfer a case to superior court, the juvenile court must determine that "there are reasonable grounds to believe that [t]he child committed the delinquent act alleged." OCGA § 15-11-30.2 (a) (3) (A). In other words, in order to transfer a case to superior court without jeopardy attaching, a juvenile court cannot hear the merits of the case but must determine that reasonable grounds exist to believe the child committed the act. That is what happened here.

Although the juvenile court heard the testimony of the police officer who arrested Hernandez, it did not reach the merits of the delinquency petition to conclude that Hernandez committed the act alleged. Rather, it considered the testimony for the limited purpose of determining whether reasonable grounds existed to believe that Hernandez committed the act for purposes of transferring his case to superior court. *In re M. E. J.*, 260 Ga. 805, 806 (401 SE2d 254) (1991) ("juvenile court inquired whether [juvenile] admitted the crimes for

the limited purpose of determining whether his case should be transferred to superior court, and the court accepted [juvenile's] admission for that same limited purpose"). Consequently, the superior court did not err in denying Hernandez's motion to dismiss.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 5, 2011.

*Meredith G. Brasher*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.