A11A2154. DEMERE LANDING CONDOMINIUM OWNERS ASSOCIATION v. MATTHEWS et al.

(726 SE2d 416)

MIKELL, Presiding Judge.

This declaratory judgment action was filed by Joyce Matthews and James Porterfield, condominium owners and, thereby, members of the Demere Landing Condominium Owners Association (the Association), asking for a declaration that, in order to be counted toward the quorum, a member must be present for a meeting and those whose votes are to be cast by proxies do not count toward the quorum. The trial court agreed with plaintiffs/appellees, and the Association appealed.

The following facts are not disputed. On January 9, 2010, members of the Association gathered for a special meeting called for the purpose of adopting a special assessment to pay for new roofs on the nine buildings in Demere Landing. At the beginning of the meeting, appellee Porterfield objected to the lack of a quorum, but the chairperson overruled that objection. The members then adopted the special assessment; all the roofs in Demere Landing were subsequently replaced; and assessments were issued to each condominium owner. Matthews received a lien and foreclosure letter from counsel for the Association threatening to foreclose on her unit for nonpayment of the assessment. Both she and Porterfield have been notified that, until they pay the assessments, they may not have access to the amenities of the complex and may not vote at any meeting of the Association.

On May 21, 2010, Matthews and Porterfield filed suit against the Association, challenging the special assessment on the basis of the lack of a quorum. Following the filing of its answer, the Association filed its motion to dismiss or for judgment on the pleadings. The appellees then filed their cross-motion for judgment on the pleadings and, on November 19, 2010, the trial court denied the motions, stating that, while it could resolve the legal issues in favor of the Association, an issue of fact remained regarding the establishment of

a quorum, preventing a final decision. Thereafter, the parties stipulated to the remaining facts on the quorum issue[1] and resubmitted the matter to the trial court to be treated as cross-motions for summary judgment. On May 23, 2011, the trial court granted partial summary judgment to Matthews and Porterfield on the quorum issue and certified its order as a final judgment pursuant to OCGA § 9-11-54 (b).[2]

"When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence."[3]

1. The Association's first enumeration is that "proxies held by members of the Association must be counted toward quorum pursuant to Section 9 (F) of the [Association's] bylaws."

Section 4 of the bylaws, entitled "Membership," provides that the membership of the Association "shall consist of all of the record owners of the condominiums." Section 9 is entitled "Association Meetings," and subsection F, entitled "Quorum," provides that "[a]t all meetings, regular or special, the presence of members entitled to cast 51% or more of the total authorized votes shall constitute a quorum."

Also pertinent to our consideration of this issue is Section 10, entitled "Voting by Members of the Association." Subsection B provides that if a condominium is owned by more than one natural person, "the person entitled to cast the vote for the condominium shall be designated by a certificate signed by all of the record owners of the condominium and filed with the Secretary." Also, if a condominium is owned by a corporation, "the person entitled to cast the vote for the condominium shall be designated by a certificate of appointment signed by the president or vice president of the corporation." Subsection C, entitled "Proxy," provides that "[v]otes may be cast in person or by proxy. Proxies must be filed with the Secretary at or before the appointed time of each meeting."

---

[1] The stipulation, in pertinent part, was that "the parties do agree that *if* proxies were to be counted, then the number of individual members present at the January 9, 2010 meeting, when added to the number of proxies submitted at that meeting, would constitute a quorum." (Emphasis in original.)

[2] When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

[3] (Citation omitted.) *Woody's Steaks v. Pastoria*, 261 Ga. App. 815, 816 (584 SE2d 41) (2003).

OCGA § 44-3-103 states that "[u]nless the condominium instruments or bylaws provide otherwise, *a quorum shall be deemed present* throughout any meeting of the members of the association *if persons entitled to cast more than one-third of the votes are present* at the beginning of the meeting." (Emphasis supplied.)

We agree with the trial court's conclusion that this issue is controlled in favor of Matthews and Porterfield by *Morton v. Talmadge.*[4] The issue in that case was whether, pursuant to a bylaw of Southern Mutual Insurance Company, the election of directors was void because a quorum was not present at the meeting. That bylaw provided that the company hold its annual meeting at the time and place designated and that "[f]ifteen members shall constitute a quorum for business."[5] The officers of the company urged that proxies should be counted toward a quorum, while the policyholders urged that 15 members had to be present in person to constitute a quorum.[6]

The Supreme Court concluded that

> when the word "member" is used in the by-law, it must necessarily refer to the personal presence of a policyholder. The word "member" as used in the by-law means a policyholder who is personally present. . . . The word "member" refers to an individual, not to the written authority, the piece of paper, that authorizes one person to act for another.[7]

We also note, as pointed out in *Morton v. Talmadge*, that, at common law, there was no voting by proxy and there could be no quorum by proxy. Because the General Assembly is deemed to be aware of the state of the law when passing legislation,[8] we conclude that the passage of OCGA § 44-3-103 was an affirmation of the common law rule requiring the presence of a person entitled to cast the vote in order to establish a quorum, unless the condominium instruments or bylaws provide otherwise.

Further supporting this conclusion is the fact that

> [t]he condominium instruments, including the bylaws and the sales agreement, are a contract that governs the legal

---

[4] 166 Ga. 620 (144 SE 111) (1928).

[5] Id. at 622.

[6] Id.

[7] Id. at 626-627.

[8] *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966). Accord *In the Interest of H. E. B.*, 303 Ga. App. 895, 896 (695 SE2d 332) (2010).

rights between the Association and unit owners. The condominium bylaws represent a form of private law making, in which individual owners come together and agree to subordinate some of their traditional individual ownership rights and privileges when they choose this type of ownership experience. As such, these documents should be strictly construed as they are written, giving the language its clear, simple, and unambiguous meaning.[9]

Therefore, we find this enumeration without merit.

2. The Association also argues, in its second enumeration, that Matthews and Porterfield lacked standing to bring this action because it was a derivative action.

A reading of the stipulation upon which this case was decided and the trial court's order entered on it reveals that the issue of standing was not addressed by that order.

"As appellate courts, we are courts for the correction of errors of law made by the trial courts. . . . An error of law has as its basis a specific ruling made by the trial court."[10] No ruling having been made on this issue by the trial court, there is nothing in this regard for us to review.

3. This also applies to the third enumeration, in which the Association enumerates that the trial court erred in failing to dismiss Matthews and Porterfield's request for declaratory relief because they lacked standing to bring it.[11] The defense of lack of standing was not raised below, and no ruling on this specific issue was made by the trial court.

*Judgment affirmed. Boggs, J., concurs. Dillard, J., concurs in judgment only.*

DECIDED FEBRUARY 22, 2012 —
RECONSIDERATION DENIED APRIL 11, 2012.

*Weissman, Nowack, Curry & Wilco, Jason A. LoMonaco*, for appellant.

---

[9] (Footnote omitted.) *Bradford Square Condo. Assn. v. Miller*, 258 Ga. App. 240, 245 (1) (a) (573 SE2d 405) (2002).

[10] (Citation omitted.) *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

[11] Also, as pointed out by appellees, in its answer, the Association agreed that "the controversy involves an interpretation of Section 9 (F) of the Bylaws."