**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 3, 2013**

# In the Court of Appeals of Georgia

A13A0285. THE STATE v. SHAUN MICHAEL BACHAN.

McMILLIAN, Judge.

By indictment, the State charged Shaun Michael Bachan with felony theft by taking, OCGA § 16-8-2, for unlawfully taking the statue of Bre'r Rabbit from the Uncle Remus Museum in Eatonton, Georgia. The trial court subsequently dismissed the indictment, and the State appeals. See OCGA § 5-7-1 (a) (1); *State v. Henderson*, 283 Ga. App. 111, 112 (1) (640 SE2d 686) (2006). For the reasons set forth below, we reverse the trial court's dismissal of the indictment.

Because the issue before us is a question of law, we do not owe deference to the trial court's ruling, and we apply the "plain legal error" standard of review. See *State v. Brooks*, 301 Ga. App. 355, 356 (687 SE2d 631) (2009); *State v. Carr*, 287 Ga. App. 691, 692 (652 SE2d 597) (2007).

The record shows that in early October 2011 Bachan waived arraignment and entered a plea of not guilty to felony theft by taking. In early November 2011, Bachan's three co-defendants entered non-negotiated[1] guilty pleas to misdemeanor theft by taking pursuant to the First Offender Act and were sentenced to community service and joint restitution for repairing the museum's statue and for restoring the courthouse lawn rabbit if so desired by the county. Bachan, a citizen of another country, was not present in court because he was in another state addressing his residency status with the United States Immigration Service, and his attorney requested that he be given the opportunity to enter a plea at a later date.

In April 2012, Bachan's attorney filed a request to enter a plea in absentia. In his sworn statement, Bachan explained he was residing outside of the country and could not come back without permission from the United States Immigration Service. He was waiting on approval for permanent residency in the United States, which could take up to eight years. Bachan asked the trial court to accept his guilty plea in

---

[1]The State's recommendation included either first offender status for felony theft by taking with two years probation or misdemeanor theft by taking without first offender status with a $1000 fine, community service, and an apology letter. Defense counsel asked for first offender status for misdemeanor theft by taking.

absentia to misdemeanor theft by taking pursuant to the First Offender Act, accept his cash bond of $1000, and suspend any sentence.

In mid-August 2012, during an unrecorded bench conference with the State and Bachan's attorney regarding his request to enter a plea in absentia, the trial court, sua sponte, forfeited his cash bond and dismissed the indictment against him. The trial court asked Bachan's attorney to draft an order memoralizing its ruling, which specifically held:

> [t]his matter . . . regarding pending criminal charges on [Bachan], who is currently a non-citizen of this country, and in his native country of Trinidad, and it appearing that he will not be entitled to return to the United States due to his immigration status for some years, and that the State has no plans to retrieve [Bachan] from his native country, and it further appearing that the State had been recommending a first offender misdemeanor plea in this matter, with community service, and that the continued pendency of this matter for years does not serve justice or administration of the Courts, and that [Bachan] is content to have this Court forfeit the bond in this matter, it is hereby ORDERED AND ADJUDGED that the cash bond in this matter of $1000.00 be forfeited, and thereafter, the pending charges against [Bachan] be dismissed.

The State appeals, arguing the trial court erred by dismissing the indictment without legal cause before any evidence was presented before it.

We agree the trial court erred by sua sponte dismissing the indictment. "'In the district attorney's role as administrator of justice, he or she has broad discretion in making decisions prior to trial about [whom] to prosecute, what charges to bring, and which sentence to seek.'" (Citation omitted.) *State v. Perry*, 261 Ga. App. 886, 887 (583 SE2d 909) (2003). But the trial court may dismiss charges on its own accord in limited circumstances. A trial court abuses it discretion in dismissing a criminal charge when it "interferes with the State's right to prosecute . . . without a legal basis to do so." Id. at 887-888.

A trial court generally is authorized to dismiss an indictment when there is a defect on the face of the indictment. See *State v. Carr*, 287 Ga. App. at 692. There has been no argument by Bachan that there was a defect on the face of the indictment, and we find none. Moreover, the trial court has discretion to dismiss criminal charges without prejudice for want of prosecution. See *State v. Brooks*, 301 Ga. App. at 359. Here, Bachan's case had not been called to trial and had not been placed on any calendar at which the State would have been required to present evidence. Instead, the indictment was dismissed following a bench conference at which the requested plea in absentia was apparently discussed. We find that a delay in Bachan being able to appear in court "for years" due to his immigration status does not provide any legal

4

basis for dismissing the indictment and deprives the State of its right to present its case against Bachan. See *State v. Perry*, 261 Ga. App. at 887. Accordingly, we find the trial court erred and reverse.

*Judgment reversed. Andrews, P. J., and Dillard, J., concur.*