**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 26, 2016**

# In the Court of Appeals of Georgia

A15A2157. IN THE INTEREST OF J. H., A CHILD.

BARNES, Presiding Judge.

The sole issue in this case involves the juvenile court's interpretation of OCGA § 15-11-523, which governs the amendment of a juvenile delinquency petition. After a delinquency hearing had commenced, the juvenile court permitted the prosecuting attorney to orally amend the petition to prosecute one of the charges – Criminal Gang Activity – as a Designated Felony. This court granted the juvenile's application for interlocutory appeal, and for the reasons that follow, we reverse the trial court's order allowing the amendment.

The State filed a petition seeking an adjudication of delinquency against 15-year-old J. H., alleging that he had committed four offenses that would have constituted crimes if he had been an adult: burglary, reckless driving, fleeing or attempting to elude a police officer, and criminal gang activity. After the adjudication hearing began on April 28, 2015, J. H. entered admissions to the first three offenses

of burglary, reckless driving, and fleeing or attempting to elude, but denied the charge of gang activity. After advising J. H. of his rights and asking the prosecutor what the evidence would show regarding those charges, the juvenile court found a factual basis for the admissions and accepted them. The court then instructed the prosecuting attorney to call the first witness on the offense of gang activity.

At that point in the adjudication hearing, the parties and the court held a discussion regarding the fact that the delinquency petition did not indicate that the fourth count was a Designated Felony, which was required under the revised Juvenile Code. The prosecuting attorney orally moved to amend the delinquency petition to state that the offense was being prosecuted under the Designated Felony provisions of Title 15. J. H. objected, asserting that jeopardy had already attached and that such an amendment was barred by statute.

The trial court granted the prosecutor's motion to amend, reasoning that the prosecutor was not adding a new charge of delinquency, but was merely amending the petition to correct the pleading defect of having omitted the label of "Designated Felony." At that point the court continued the hearing on the delinquency petition to give J. H. an opportunity to file a petition for a certificate of immediate review, although it committed J. H. to two years in custody based on a previous petition

during which J. H. had been adjudicated delinquent based on three counts of terroristic threats.

J. H. argues on appeal that the trial court erred in allowing the prosecutor to amend the petition after jeopardy had attached.

Under Georgia's rules of statutory construction, this court is charged with looking "diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). A fundamental principle of statutory construction is "that we must endeavor to give each part of the statute meaning and avoid a construction that makes some language mere surplusage." (Citation and punctuation omitted.) *In the Interest of C. M. B.*, ___ Ga. App. ___ (Case No. A15A2070, decided Jan. 11, 2016).

Further, "all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." (Citation and punctuation omitted.) *In the Interest of H.E.B.*, 303 Ga. App. 895, 896 (695 SE2d 332) (2010).

The Georgia legislature revised the Juvenile Code effective January 1, 2014.[1] Both the previous code and the current code direct that the delinquency petition "shall set forth plainly and with particularity" certain information, such as the facts that brought the child within the court's jurisdiction, the name and address of the child and his parents, guardians, or custodians if known, and details of the child's detention, if any. OCGA § 15-11-522 (2015); former OCGA § 15-11-38.1. In the new code effective January 2014, the legislature added a requirement that the petition include whether "the child is being charged with a Class A designated felony act or class B designated felony act." OCGA § 15-11-522 (5).

Whether a juvenile is adjudicated for committing a Designated Felony or simply a delinquent act significantly alters the length of the commitment available. The maximum length of commitment for a delinquent act is 24 months, with the possibility of a 24-month extension. OCGA § 15-11-607 (a). In contrast, an adjudication of delinquency for a Class A Designated Felony may result in restrictive custody with the Department of Juvenile Justice (DJJ) for as long as 60 months, and

---

[1]"This Act shall become effective on January 1, 2014, and shall apply to all offenses which occur and juvenile proceedings commenced on and after such date." Ga. L. 2013, p. 294, § 5-1/HB 242.

for a Class B Felony, in DJJ custody for 36 months, with a maximum of 18 months in restrictive custody. See OCGA §§ 15-11-602 (a) (2), (c) (1), (d) (1).

Before the enactment of the current juvenile code, the State was allowed to amend a delinquency petition to add charges at any time before adjudication. The statute was silent on the issue, but the Uniform Rules of Juvenile Court, Rule 6.6 provided that "[a] petition may be amended at any time prior to adjudication, provided that the court shall grant the parties additional time to prepare as may be required to ensure a full and fair hearing." Further, if the amendment added additional charges, the amended petition had to be served in accordance with former OCGA §§ 15-11-39, 15-11-39.1, which directed that the petition and a summons be served on the child and his or her parents, guardians, or legal custodians at least 24 hours before the hearing. See *In the Interest of D. W.*, 232 Ga. App. 777, 779 (1) (a) (503 SE2d 647) (1998) (reversing delinquency conviction when court allowed State to amend a delinquency petition mid-hearing to revise misdemeanor battery charge to designated felony charge of battery against school official, absent service and notice).

The revised juvenile code includes a completely new provision that addresses the timing of delinquency petition amendments. OCGA § 15-11-523 provides:

(a) A prosecuting attorney may amend a petition alleging delinquency at any time prior to the commencement of the adjudication hearing. However, if an amendment is made, a child may request a continuance of his or her adjudication hearing. A continuance may be granted by the court for such period as required in the interest of justice.

(b) When a petition alleging delinquency is amended to include material changes to the allegations or new charges of delinquency for adjudication, the petition shall be served in accordance with Code Sections 15-11-530 and 15-11-531.[2]

(c) After jeopardy attaches, a petition alleging delinquency shall not be amended to include new charges of delinquency.

OCGA § 15-11-480 (b) specifically provides that jeopardy attaches when the juvenile court accepts a child's admission to a petition alleging delinquency, and the State concedes that jeopardy had attached in this case before the juvenile court granted the oral motion to amend the petition. See *In the Interest of K. L.,* 303 Ga. App. 679, 681 (2) (694 SE2d 372) (2010)*; In Interest of J. B. W.*, 230 Ga. App. 673, 675 (497 SE2d 1) (1998).

---

[2]OCGA § 15-11-530 (a) directs that the summons and petition be served on the child and his or her parent, guardian, or legal custodian, and 15-11-531 (a) requires the summons be served at least 72 hours before the hearing rather than the previous 24-hour minimum.

In its written order granting the prosecution's motion to amend the delinquency petition in this case, the juvenile court stated that it "interpret[ed] OCGA § 15-11-523 to allow the prosecuting attorney to amend the petition to prosecute the Criminal Gang Activity charge under the Designated Felony Act even after the adjudication hearing ha[d] commenced and the Court ha[d] accepted the child's admission to three other charges on the same petition."

The State argues that "the sole, express purpose" of OCGA § 15-11-522 (5), requiring that the petition state whether the child is being charged with a class A or a class B designated felony act, is to give the juvenile advance notice of any designated felony charges, and here, J. H. had ample advance notice of the charges. But when "the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citation and punctuation omitted.) *In the Interest of M.D.H.*, 334 Ga. App. 394, 396 (2) (779 SE2d 433) (2015). We cannot engraft upon this statute a proviso excepting a case from its requirements when certain factual issues are present, absent statutory language allowing such an exception.

The State's amendment to the petition in this case did not add a new charge of delinquency, an action plainly prohibited by OCGA § 15-11-523 (c). The State had

7

already charged J. H. with the offense of "Participation in Criminal Street Gang Activity" by committing burglary while associated with a criminal street gang, along with the three charges to which the juvenile court accepted J. H.'s admissions. Nor does subsection (a) of OCGA § 15-11-523 apply here, which allows the prosecuting attorney to amend the petition as of right before the hearing begins and the court to continue the hearing "for such period as required in the interest of justice" if requested by the juvenile, because the hearing had already begun.

Subsection (b) of OCGA § 15-11-523, however, provides that if the prosecuting attorney amends a delinquency petition to effect "material changes to the allegations . . . , the petition *shall* be served in accordance with Code Sections 15-11-530 and 15-11-531," (emphasis supplied) that is, served upon the child and his parent, guardian, or legal custodian at least 72 hours before the hearing. Alleging that the juvenile committed a designated felony materially changes the petition by allowing the juvenile court to impose a much lengthier sentence. Interpreting OCGA § 15-11-523 only to prohibit adding new charges to a delinquency petition after jeopardy attaches would render the mandatory service requirements of subsection (b) meaningless surplusage.

Construing OCGA § 15-11-522 (5), which requires a delinquency petition to state whether any charges are designated felonies, with § 15-11-523 (b), which requires that a material amendment to the petition be served to the child and certain designated persons at least 72 hours before the hearing, we conclude that the legislature intended to prohibit the State from materially amending a delinquency petition after the hearing had commenced and after jeopardy attached. Accordingly, because the State sought to make a material amendment to the petition absent proper notice and service, the trial court erred in allowing the amendment.

*Judgment reversed. Ray and McMillian, JJ., concur.*