**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 26, 2025**

# In the Court of Appeals of Georgia

A24A1569. THE STATE v. NELSON.

PIPKIN, Judge.

Kara Sue Nelson was charged via accusation with three counts of DUI less safe for driving under the influence of drugs and/or alcohol. The trial court dismissed the charges, and the State appeals. For the following reasons, we reverse.

A trial court's dismissal of criminal charges raises a question of law, and where, as here, a question of law is at issue, "we owe no deference to the trial court's rulings and apply the 'plain legal error' standard of review." (Citation and punctuation omitted.) *State v. Brooks*, 301 Ga. App. 355, 356 (687 SE2d 631) (2009).

So viewed, the record shows that on the afternoon of November 21, 2021, law enforcement responded to an emergency call at a hotel in reference to a possible intoxicated driver in the parking lot. A hotel employee had called 911 because she was

concerned about the way Nelson was driving. A man standing outside the hotel also reported that he became worried after seeing Nelson's driving. Officers made contact with Nelson, who smelled strongly of alcohol and was confused and disoriented. Nelson would not submit to field sobriety testing, but she agreed to a breath test, which revealed the presence of alcohol. An officer arrested Nelson, and she refused a blood alcohol test after being read Georgia's implied consent notice.

The State filed an accusation charging Nelson with DUI less safe (combined influence of drugs and alcohol), DUI less safe (alcohol), and DUI less safe (drugs). Nelson filed several motions, including a motion to dismiss all charges. Pertinently, the State filed a response to the motion to dismiss in which it argued that the motion to dismiss was premature and that the court should not rule on it until after the State presented its evidence at trial in its case-in-chief.

The trial court scheduled a hearing on Nelson's motions. At the hearing, defense counsel advised the court that there were "three distinct motions pending today": a motion to suppress, a general and special demurrer, and an objection to the State's notice to introduce other acts evidence. The court stated that it would start with the motion to suppress hearing and address any remaining business thereafter.

The State then presented testimony from two officers who had responded to the scene. The officers testified about the statements they were given by the witnesses at the hotel, as well as their direct observations of Nelson, the breath test result, and Nelson's refusal to submit to a blood alcohol test. At the end of the hearing, the court indicated that it would issue a ruling on the motion to suppress and the demurrers, and that it would hold an evidentiary hearing on the other acts evidence at a later time. Notably, the motion to dismiss was never mentioned at any point during the hearing.

The court denied the motion to suppress, but in that order, noted that it would issue a separate order granting the motion to dismiss on the basis that the State "failed to meet its burden of proving [Nelson] committed a 'less safe' act while driving or that [her] ability to drive safely was impaired" because the only evidence that Nelson had been in control of a moving motor vehicle while intoxicated was hearsay. In the court's order on the motion to dismiss, it concluded that "mere intoxication is insufficient to show probable cause for a DUI Less Safe arrest," and that the evidence presented at the motion to suppress hearing was insufficient to prove that Nelson's driving ability was impaired or that she committed a "less safe" act while driving. Accordingly, the trial court dismissed Nelson's charges. This timely appeal followed.

3

The State contends that the trial court erred by granting the motion to dismiss because lack of probable cause and insufficient evidence are improper grounds for granting a post-accusation, pretrial motion to dismiss.[1] We agree. As we have previously explained, a prosecutor has broad discretion in deciding whom to prosecute and what charges to bring. *State v. Bachan*, 321 Ga. App. 712, 714 (742 SE2d 526) (2013). However, the trial court may dismiss criminal charges in limited circumstances, such as when there is a defect on the face of the indictment or accusation, see *State v. Carr*, 287 Ga. App. 691, 692 (1) (652 SE2d 597) (2007), for want of prosecution, see *Bachan*, 321 Ga. App. at 714, or where prosecution would violate a defendant's right to due process, see *State v. Blackwell*, 245 Ga. App. 135, 137-142 (2) (537 SE2d 457) (2000). A trial court abuses its limited discretion to dismiss a charging instrument when it interferes with the State's right to prosecute by dismissing a charging instrument without a legal basis to do so. See *Evans v. State*, 360 Ga. App. 596, 601 (3) (859 SE2d 593) (2021).

---

[1] The State also enumerates two additional errors, each providing an alternative argument regarding why the trial court's decision should be reversed. However, based upon our decision, we need not address these alternative arguments.

Here, the trial court did not dismiss the charges for any of the permissible limited reasons listed above.[2] Rather, the court dismissed the charges based upon lack of probable cause for arrest and insufficient evidence, which is not a legal basis upon which a trial court can dismiss an accusation. See *First Nat. Bank & Trust Co. in Macon v. State*, 237 Ga. 112, 112 (227 SE2d 20) (1976) (holding that "[o]nce a grand jury has indicted, the State is not required to make a further showing of probable cause," and a trial court "has no authority to quash the indictment on the issue of an alleged lack of probable cause"). See also *Thomas v. State*, 331 Ga. App. 641, 656 (5) (771 SE2d 255) (2015) ("Generally, with regard to the efficacy of an indictment, no inquiry into the sufficiency or legality of the evidence is indulged.") (citation and punctuation omitted). Based on the foregoing, the trial court improperly deprived the State of its right to present its case against Nelson, and we reverse the decision of the trial court. See *Bachan*, 321 Ga. App. at 714.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur.*

---

[2] Indeed, the trial court denied Nelson's general and special demurrers, concluding that the language in the accusation was sufficient to put Nelson on notice of the charged offenses.